## SHARP COUNTY, Arkansas *v.*
## NORTHEAST ARKANSAS PLANNING AND
## CONSULTING COMPANY

80-75                                      602 S.W. 2d 627
Supreme Court of Arkansas
Opinion delivered June 23, 1980
Rehearing denied August 25, 1980

*Jim Stallcup*, Prosecuting Attorney; *Stewart K. Lambert*, Deputy Pros. Atty., and *Paul E. Hopper*, for appellant.

*William R. Hass*, Thayer, Mo., and *H. David Blair*, for appellee.

JOHN F. STROUD, Justice. This is a suit to determine the enforceability of an agreement made by the county judge of Sharp County with a professional consulting firm to obtain federal funds for the county. We agree with the finding of the trial court awarding judgment to appellee under the terms of their contigent fee arrangement.

In 1975 appellee and Sharp County Judge Les Anderson entered into an agreement whereby appellee would prepare and submit a preapplication and "do other things that might be required" to qualify appellant for funds under Title I of the Housing and Community Development Act of 1974. The agreement was embodied in an order of the court dated February 9, 1975, which also provided that appellee's compensation for these services was conditioned upon appellant's receipt of the funds sought. The order further provided that appellee was to receive $750 or 10% of the total grant, whichever was larger. In September of 1976, appellant received $150,000 in Community Development Block Grant funds to construct a solid waste disposal facility and other local projects as a result of appellee's efforts. On August 1, 1977, appellee filed a claim with appellant for $15,000 for services rendered in connection with the grant, but later that month the County Court of Sharp County denied the claim. On January 25, 1978, the Sharp County Circuit Court entered an order allowing appellee's appeal from that decision, whereupon the matter was submitted to the circuit judge, sitting as a jury, and tried upon an agreed statement of facts together with the pleadings and briefs of the parties. On August 21, 1979, the trial court issued a judgment for $15,000 plus accrued interest in favor of appellee. Appellant subsequently filed a motion for a new trial, and this was denied by the trial court. Alleging that the finding of the trial court was

clearly erroneous and that the trial court erred in denying its motion for a new trial, appellant brings this appeal.

The agreement sued upon, as evidenced by the county court order, provided, in pertinent part, as follows:

> It is therefore ordered that Sharp County, Arkansas, employ the Northeast Arkansas Planning and Consulting Company of Paragould, Arkansas, to prepare a pre-application for Federal Assistance under Title I of the Housing and Development Act of 1974. It is further ordered that Sharp County shall pay a minimum fee of Seven Hundred Fifty Dollars ($750.00) or 10% of the total grant, whichever is larger for the work necessary in completing the application and requirements under said Act. It is further ordered that this employment is on the contingent basis of receiving the Community Development Block Grant Funds.

The parties stipulated that appellee conducted hearings, studies and other matters necessary in connection with the preparation of the pre-application and full application and that Sharp County received the $150,000 grant as a result of appellee's efforts. However, appellant contended at trial that appellee was not entitled to any compensation for its services inasmuch as the county court order of February 9, 1975, was not filed in the record book. The trial court pointed out in its written findings of fact that the order was not entered because the county judge kept it from being entered. The entry of a court order is a ministerial act, and the failure to file such order in the record book does not void the order as it can be subsequently filed. *American Investment Co.* v. *Hill*, 173 Ark. 468, 292 S.W. 675 (1927). Appellant raised other arguments at trial which were addressed by specific findings of the court, but inasmuch as they are not argued by appellant on appeal, we will not discuss them here. The trial court also found that appellant should be estopped from denying the claim of appellee. We agree that appellant cannot remain mute for a year while appellee furnishes its services and then upon receipt of the fruits of the service, repudiate the contract on the basis of the county judge having withheld, unbeknownst to appellee, the filing of the court order of record. Pursuant to

Rule 52 of the Arkansas Rules of Civil Procedure, we will not reverse a trial court's findings of fact unless they are clearly erroneous, and we do not find them to be clearly erroneous in this case.[1]

Appellant also contends the trial court erred in denying its motion for a new trial. After the trial court ruled in favor of appellee, appellant changed tactics and filed a motion for a new trial with numerous exhibits attached, including copies of the pre-application, applicable federal standards and correspondence between the parties. Based on the exhibits attached to appellant's motion for a new trial, appellant argues in its brief on this appeal that appellee was not entitled to the full $15,000 because that was the total amount of the funds that could be spent on procurement and administration of the grant. Appellant points out that appellee had done nothing towards administering the funds and that they are being administered by another company under a separate contract. This argument fails for two reasons. First, the fact that the federal act governing the grant may indicate that no more than 10% of the grant funds may be spent on compensation for procurement *and* administration of the grant does not prevent appellant from promising the procurer the full 10% and paying the administrator of the grant from some source of revenue other than the grant funds. Second, and most important, appellant failed to present this argument until after filing its motion for a new trial. Perhaps this was a result of certain trial tactics relied upon by appellant, but whatever the reason, the evidence urged in support of this argument was not before the trial court originally and was, therefore, not considered in its findings of fact. A motion for new trial cannot be used to bring into the record that which does not otherwise appear of record. *McDaniel* v. *State*, 228 Ark. 1122, 313 S.W. 2d 77 (1958); *Hyde* v. *State*, 212 Ark. 612, 206 S.W. 2d 739 (1947). Appellant claimed this evidence was proper in its motion under Arkansas Rules of Civil Procedure, Rule 59(a) which provides, in part:

---

[1] We take this opportunity to comment on the statement of appellee in its brief that adoption of Rule 52 amounted to a partial merger of law and equity. Such is not the case. The rule merely established the same standard of "clearly erroneous" for appellate review of findings of fact made by a chancellor and a circuit judge sitting as a jury.

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party:

. . .

(5) error in the assessment of the amount of recovery, whether too large or too small;
(6) the verdict or decision is contrary to the preponderance of the evidence or is contrary to the law.

We think Rule 59(a) (5) is of no benefit to appellant inasmuch as appellant contended at trial that appellee was due nothing for its services. Rule 59(a) (6) also afford no relief, as the evidence offered was not before the court at trial and, therefore, could not have been considered by the trial court. The only basis for introduction of the evidence after trial would have been that it was newly discovered and could not with reasonable diligence have been produced at trial. However, Rule 59(c) requires the motion for new trial to be supported by an affidavit showing the truth of that allegation, and obviously appellant could not make such statement under oath. A motion for new trial is addressed to the sound discretion of the court and the trial court's refusal to grant it will not be reversed on appeal unless an abuse of discretion is shown. *Smith* v. *Villarreal*, 253 Ark. 482, 486 S.W. 2d 671 (1972); *Black* v. *Johnson*, 252 Ark. 889, 481 S.W. 2d 701 (1972). We find that the trial court's denial of appellant's motion for new trial was not an abuse of its discretion.

Affirmed.