## Eva BROOKS *v.* TOWN & COUNTRY MUTUAL INSURANCE COMPANY

87-176                                             741 S.W.2d 264

Supreme Court of Arkansas
Opinion delivered December 21, 1987

*Randall L. Gammill*, and *Wright, Lindsey & Jennings*, for appellant.

*Randall Templeton*, for appellee.

STEELE HAYS, Justice. Eva Brooks (appellant) insured her home in De Valls Bluff for $25,000 with Town & Country Mutual Insurance Company (appellee) against loss by fire. In May 1985 the dwelling was totally destroyed by fire. Town & Country denied the claim and Mrs. Brooks filed suit. Town & Country

pled affirmatively that the fire was intentionally set and that the dwelling had remained unoccupied for more than sixty days without the written permission of Town & Country which terminated coverage under the policy.

The parties waived a jury and the issues were tried to the court, which found the proof insufficient to support either of the defenses pled by Town & Country. However, the court found a material misrepresentation of fact in that Mrs. Brooks had experienced an earlier fire which she failed to disclose when applying for coverage with Town & Country. On that basis judgment was entered for Town & Country.

Mrs. Brooks has appealed upon three points of error: 1) The court erred in finding for Town & Country on the basis of an affirmative defense that was not pled; 2) the court erred in not requiring proof that any misrepresentation of fact was intentional in order to defeat the claim; and 3) the court erred in finding a material misrepresentation of fact in the absence of any proof as to materiality.[1]

*Affirmative Defense Issue*

We agree that Town & Country neither pled material misrepresentation of fact nor introduced evidence to sustain a finding of material misrepresentation and, accordingly, we reverse and remand for a new trial on all issues.

Rule 8(c), Arkansas Rules of Civil Procedure, requires that affirmative defenses shall be expressly pled in response to a complaint. That material misrepresentation is an affirmative defense is not subject to doubt. *American Family Life Assurance Company* v. *Reeves*, 248 Ark. 1303, 455 S.W.2d 932 (1970); *Continental Casualty Company* v. *Campbell*, 242 Ark. 654, 414 S.W.2d 872 (1967); 44 Am. Jur. 2d, *Insurance*, § 1918. Town and

---

[1] Town & Country cross-appealed from the court's denial of its arson and nonoccupancy defenses. It was not necessary to cross-appeal from the denial of these defenses. A cross-appeal is required only when the appellee seeks affirmative relief that he failed to obtain in the trial court, not when he won the case below and merely asks that the judgment be affirmed. *Moose* v. *Gregory*, 267 Ark. 86, 590 S.W.2d 669 (1979).

Country does not contend otherwise, rather it urges that under ARCP Rule 15(b) issues not set forth in the pleadings may be raised by express or implied consent of the parties and thereby treated in all respects as though they had been pled. The flaw in that argument is that we find nothing in the record to suggest that the issue of material misrepresentation became an issue in trial by either the implied or the express consent of the parties. When Mrs. Brooks was asked on cross-examination about a prior loss by fire her counsel immediately argued that that was a collateral issue and objected to further questions along that line. The trial court overruled the objection and some additional inquiry occurred, but certainly it cannot be inferred that this evidence was introduced with the implied consent of the plaintiff.

■■ Rule 15(b) also provides that such amendment of the pleadings as may be necessary to cause them to conform to the evidence, and to raise these issues, may be made upon motion of any party at any time. However, we find no motion to amend throughout the trial or afterwards, and while the court has discretion in the allowance of motions to amend the pleadings, where the record reflects neither a motion to conform nor any basis for a determination that the evidence itself was impliedly acquiesced in, it seems clear that the judgment cannot rest upon an unpled affirmative defense.

### Material Misrepresentation Issue

■ Even if it could be said the issue of material misrepresentation was impliedly introduced, we find no proof of materiality. All the record reflects is that Mrs. Brooks had a previous fire loss which was not mentioned when she and her husband applied for and obtained their coverage with Town & Country. The extent of the fire is not revealed, nor whether there were any suspicious circumstances. For all we know it may have been of unquestionable origin. Under the law Town & Country had the burden of showing that had it known of the earlier loss, the circumstances were such that it would not have issued the present coverage. *Motors Insurance Corporation* v. *Tinkle*, 253 Ark. 620, 488 S.W.2d 23 (1972); *Old Republic Insurance Company* v. *Alexander*, 245 Ark. 1029, 436 S.W.2d 289 (1969). That proof was wholly lacking.

Reversed and remanded.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, concurring in part and dissenting in part. I agree with the majority opinion that the trial court improperly considered the appellee's affirmative defense of material representation. However, I would reach a different result because I find that the appellee's failure to amend its pleadings prior to entry of the judgment bars consideration of any affirmative defense which appellee has not pled.

The appellee pled two affirmative defenses which the trial court, sitting as a jury, found unsupported by the evidence. So far as I am concerned, these factual findings were settled as well as those matters which were required to be pled. Both the law of the case and res judicata appear to me to bar a retrial of these matters of fact. Therefore, I would reverse and remand with directions to enter a judgment for the appellant in the amount of the policy limits, interest, costs, and attorney's fees.