Larry BURGE *v.* Odus PACK

89-293                                                785 S.W.2d 207

Supreme Court of Arkansas
Opinion delivered March 12, 1990

*Ron Bruno, P.A.*, for appellant.

*Rowland & Templeton*, by: *Randell Templeton*, for appellee.

TOM GLAZE, Justice. This case involves certain money lending transactions between two pawn shop owners, Larry Burge and Odus Pack. The primary issues argued in this appeal concern whether the men's transactions involved simple loans between them, as Pack suggests, or whether the two men were involved in a joint venture, which is the contention of Burge. Burge argues alternatively that if no joint venture existed, the loans Pack provided Burge were usurious. The trial court found and entered judgment in favor of Pack. We affirm that decision.

The specific transaction that led to this litigation concerned two checks Pack delivered to Burge. One check was for $5,000 and the other was for $6,500. Pack claims that these checks represented loans to Burge and that in return, Burge gave Pack two checks bearing the maturity dates of the loans. The check amounts, including principal and interest, were calculated to the date of maturity and totaled $14,300.[1] Pack states that after the loans matured, he attempted to negotiate the checks but the bank dishonored them.

---

[1] Apparently these loans had been extended by replacement of Burge's two original checks with others.

Burge's version concerning the checks is that he and Pack were involved in a joint venture to loan money to third persons, who would offer their real property as security for the loans. Burge claims that he was to provide the "know how" in this venture because he had the real estate license and property experience; Pack was to supply the money. Burge says he and Pack were to split the proceeds resulting from the third-party transactions. He further contends that the checks given Pack were written merely to protect Pack's interest in the profits of the joint venture and were to be cashed only in the event Burge died. Burge asserts Pack violated the parties' agreement when he tried to negotiate Burge's checks. Pack then brought this suit to collect the face amount of the checks, totalling $14,300, and Burge answered, denying he owned any loan amounts to Pack. Burge also counterclaimed, stating he was damaged in the sum of $50,000 because of Pack's breach of the parties' joint venture agreement.

In claiming he and Pack were involved in a joint venture, Burge had the burden of showing such a business relationship existed between them. *See* 46 Am. Jur. 2d, *Joint Ventures*, § 69 (1969). In *Tackett* v. *Gilmer*, 254 Ark. 689, 496 S.W.2d 368 (1973), this court stated that in order for a business enterprise to constitute a joint venture, the following elements must be present: (1) two or more persons combine in a joint business enterprise for their mutual benefit; (2) right of mutual control or management of the venture; and (3) an expressed or implied understanding that they are to share in the profits or losses of the venture. *See also* 46 Am. Jur. 2d, *Joint Ventures*, § 7 (1969).

When considering the joint venture issue, the trial court was confronted with a swearing match between the parties and their respective witnesses. Although Burge and his witnesses testified in support of Burge's claim that he and Pack had entered into the business of funding real estate loans by the use of promissory notes and deeds, no proof was offered that showed Pack was named in any of the documents involving these third-party transactions. Nor was there evidence presented showing Pack had the right to the mutual control or management of any of these third-party property deals. In fact, Burge admitted there were no records or documents reflecting any formal arrangement

between him and Pack.[2]

Pack, on the other hand, introduced carbon copies of the two checks he gave to Burge and the copies reflect the purpose of the checks were for loans to Burge. Patsy Lochridge, Pack's employee, testified that she made the checks out to Burge, and she understood the checks reflected loans made to Burge by Pack.

When considering the conflicting testimony as well as the prominent lack of documentary evidence that any joint venture existed between the parties, we cannot say the trial court was clearly wrong in rejecting Burge's claim that he and Pack were in business. To the contrary, strong evidence was introduced that Pack's involvement in these matters concerned loans to Burge for which Pack would be compensated in income from the interest accruing on those loans. The trial court obviously believed Pack's account that he loaned Burge money at 10% interest and that Burge defaulted on the loans.

In this appeal, Burge alternatively argues that, if the court affirms the trial court's finding that loan transactions were entered into between the parties rather than a joint venture, the loan agreement was usurious. Burge, however, failed to raise this issue below in a proper or timely manner.

Usury is an affirmative defense that must be pleaded and established. *See Dreyfus Co.* v. *Tim Wargo & Sons, Inc.,* 282 Ark. 468, 668 S.W.2d 957 (1984); *Seaboard Finance Co.* v. *Wright,* 223 Ark. 351, 266 S.W.2d 70 (1954). Under ARCP Rule 8(c), in responding to a complaint, a party shall set forth affirmatively any matter constituting an affirmative defense. Burge's amended answer and counterclaim failed to set forth the affirmative defense of usury. Also, while there was some testimony by Pack on cross examination regarding the interest rate charged on the loans, Burge never moved to conform his pleadings to the evidence in accordance with ARCP Rule 15(b). *See Brooks* v. *Town & Country Mut. Ins. Co.,* 294 Ark. 173, 741

---

[2] We note Burge's reference to Pack's income tax return reporting interest from seller-financed mortgages listing Burge's name, but we do not find this evidence corroborative of the joint venture argument. Pack's returns made no reference to a joint venture or partnership.

S.W.2d 264 (1987). Although Burge made a belated attempt to raise the usury question in his motion for a new trial, such a motion cannot be used to bring into the record that which does not appear of record. *Sharp Co.* v. *Northeast Ark. Plng. & Cnsltg.*, 269 Ark. 336, 602 S.W.2d 627 (1980). Because the usury issue was not properly pled or timely raised below, we do not consider it on appeal.

For the reasons given above, we affirm.

PRICE, J., not participating.