Jeffrey Lyle SLATON *v.* Teresa Austin SLATON

97-337                                      956 S.W.2d 150

Supreme Court of Arkansas
Opinion delivered October 16, 1997

*Davis & Watson, P.A.*, by: *Charles E. Davis*, for appellant.

*Annie Powell* and *Eddie N. Christian*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This appeal questions whether the trial court had jurisdiction to rule upon a posttrial motion. We disagree with the trial court's conclusion that it had jurisdiction to enter the order, and accordingly we reverse and remand.

On September 26, 1991, Jeffrey Slaton obtained a divorce from Teresa Slaton in the Washington County Chancery Court. Jeffrey was awarded custody of the two children born of the marriage. Teresa was granted visitation rights and ordered to pay $300 a month child support. Several hours after the divorce decree was entered, Teresa Slaton filed a pleading entitled a "Motion for Reconsideration" in which she claimed that the divorce decree was contrary to the preponderance of the evidence adduced at trial.

In response, the trial court entered on September 30, 1991, an order stating that the divorce decree should be "stayed and held in abeyance until further hearing in this matter which is scheduled for October 8, 1991, at 9:00 a.m." The following day, the court appointed a guardian ad litem to investigate and represent the children's interests.

The court did not hold a hearing on the matter until February 24, 1992. During the hearing, the court explained that it granted Teresa's motion because:

> I didn't feel that I had all the information that I should to make a meaningful decision. And, quite frankly, my decision hasn't changed that much other than I have given full credence to the report of the ad litem, and this is going to be the order in regards to the minor children.

The court then orally announced its ruling.

On March 5, 1992, the court modified the initial divorce decree by providing that Jeffrey and Teresa would share joint custody of the children with neither parent being required to pay child support. Although joint custody was granted, Jeffrey

became the primary custodial parent with detailed visitation rights granted to Teresa.

Over the next three years, Jeffrey and Teresa filed numerous motions regarding child custody, support, and visitation. On December 26, 1995, the court granted Teresa sole custody of the children and ordered Jeffrey to pay child support in an amount to be determined at a later hearing. Five days later, Jeffrey filed a "Motion to Declare Order Void and to Set Arrearage." In this motion, Jeffrey claimed that the March 5, 1992, order was void because the trial court lost jurisdiction by failing to rule upon Teresa's motion for reconsideration within thirty days as required by Ark. R. App. P.—Civ. 4(c). Because the March 5, 1992 order was void, Jeffrey argued that the original September 26, 1991 divorce decree was still in effect, and that Teresa owed him over $14,000 in past-due child-support payments under that decree.

In an order entered on February 12, 1996, the trial court found that it had jurisdiction to issue the March 5, 1992 order pursuant to Ark. R. Civ. P. 60(b) which allows a trial court to modify an order within ninety days of its having been filed with the clerk. In the alternative, the court found that Jeffrey had waived his jurisdiction argument by appearing before the court and participating in the hearing. Finally, the court found that Jeffrey was estopped to deny the validity of the March 5, 1992 order because both parties had relied upon it for several years. Accordingly, the court denied Jeffrey's motion. From this order, Jeffrey filed a timely notice of appeal in the Arkansas Court of Appeals.

In an unpublished decision, the Court of Appeals found that Teresa's September 26, 1991 motion for reconsideration was actually a motion for a new trial under Ark. R. Civ. P. 59, and that the trial court had jurisdiction to issue the March 5, 1992 order because it had granted Teresa's motion for a new trial on September 30, 1991, which was well within the thirty-day limit mandated by Ark. R. App. P.—Civ. 4(c). *Slaton v. Slaton,* No. CA 96-670, Slip Op. (Ark. Ct. App. March 5, 1997). We granted Jeffrey's petition for review. Upon granting a petition for review, we review the case as if the appeal was originally filed in this court and give no deference to the ruling rendered by the

Court of Appeals. *Goston v. State*, 327 Ark. 486, 939 S.W.2d 818 (1997); *Mullinax v. State*, 327 Ark. 41, 938 S.W.2d 801, *cert. denied*, 117 S. Ct. 2411 (1997).

## I.  Abstract Deficiencies

■ In her brief, Teresa made a motion to strike the portions of Jeffrey's abstract of the September 26, 1991 divorce decree regarding the grounds for divorce and why custody was initially granted to Jeffrey. We agree that these matters were irrelevant to the issues on appeal, and thus they were not considered. *See* Ark. Sup. Ct. R. 4-2(a)(b); *Purtle v. McAdams*, 317 Ark. 499, 879 S.W.2d 401 (1994).

■ Teresa also included in her brief a motion for costs arguing that according to Ark. Sup. Ct. R. 4-2(b)(1), she is entitled to reimbursement for the costs she incurred to supplement the deficiencies in Jeffrey's abstract. This motion is denied because as in *McNair v. McNair*, 316 Ark. 299, 870 S.W.2d 756 (1994), we find it "impossible to separate the time and costs for the Supplemental Abstract portions essential only to the appeal itself."

## II.  Continuing Jurisdiction

■ The sole issue on appeal is whether the trial court had jurisdiction to issue the March 5, 1992 order. Teresa presents several arguments supporting the trial court's finding that it had jurisdiction to enter the order. First, Teresa argues that the trial court's order should be affirmed because a chancery court has continuing jurisdiction to modify child support and custody orders. *See* Ark. Code Ann. § 9-12-314(b) (Repl. 1993). The chancery court, however, has continuing jurisdiction to modify such orders only when the moving party has demonstrated a change in circumstances requiring modification. *Williams v. Williams*, 253 Ark. 842, 489 S.W.2d 774 (1973); *Campbell v. Richardson*, 250 Ark. 1130, 468 S.W.2d 248 (1971). In her September 26, 1991 motion, Teresa stated that the trial court's custody and support order was clearly against the preponderance of the evidence, and not that the circumstances had changed such that modification was required. Accordingly, we find no merit to this argument.

### III. Arkansas Rule of Civil Procedure 59

Next, Teresa claims that the trial court had jurisdiction to enter the March 5, 1992 order pursuant to Ark. R. Civ. P. 59 and Ark. R. App. P.—Civ. 4(c). Teresa argues that her September 26, 1991 "Motion for Reconsideration" was a motion for a new trial which the trial court granted in its September 30, 1991 order. Teresa further asserts that because the court granted her motion within thirty days, as required by Ark. R. App. P.—Civ. 4(c), the court had jurisdiction to hold a new trial on the issue of child custody and support on February 24, 1992, and enter its order regarding the same on March 5, 1992. *See Williams v. Hudson*, 320 Ark. 635, 898 S.W.2d 465 (1995); *Arkansas State Highway Comm'n v. Ayres*, 311 Ark. 212, 842 S.W.2d 853 (1992); *Wal-Mart Stores, Inc. v. Isely*, 308 Ark. 342, 823 S.W.2d 902 (1992).

■■ Before we can answer this issue, we must first decide whether Teresa's "Motion for Reconsideration" was actually a motion for a new trial pursuant to Ark. R. Civ. P. 59. We have previously held that motions should be liberally construed, and that courts should not be blinded by titles but should look to the substance of motions to ascertain what they seek. *Cornett v. Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987). For example, in *Jackson v. Arkansas Light & Power Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992), we held that a motion to vacate which stated that the judgment was void because "it is contrary to the facts, public policy and is clearly contrary to the preponderance of the evidence" was really a motion for a new trial under Ark. R. Civ. P. 59(a)(6). As in *Jackson*, Teresa claimed in her motion for reconsideration that the divorce decree was contrary to the preponderance of the evidence, which is a specifically enumerated ground for a new trial under Ark. R. Civ. P. 59(a)(6). Thus, we hold that Teresa's September 26, 1991, pleading was a motion for a new trial.

■■ The next issue is whether the trial court's September 30, 1991 order granted Teresa's request for a new trial. Jeffrey asserts that it did not because the court failed to make a ruling in the order specifying the particular basis for which the new trial was granted. Jeffrey did not raise this argument before the trial

court and thus, we will not consider it for the first time on appeal. *Jones v. Jones*, 320 Ark. 449, 898 S.W.2d 23 (1995). Moreover, in *General Motors Corp. v. Tate*, 257 Ark. 347, 516 S.W.2d 602 (1974), we said that when "an order granting a new trial is expressed in general terms without a specification of grounds, it must be affirmed if it can be supported on any ground alleged in the motion."

By looking to the substance of the trial court's order and the court's explanation for why it granted Teresa's motion, we hold that the trial court's September 30, 1991 order did not grant Teresa's request for a new trial pursuant to Ark. R. Civ. P. 59(a)(6). As previously mentioned, Teresa asserted in her September 26, 1991 motion that the findings in the initial divorce decree were clearly against the preponderance of the evidence adduced at trial. In response to Teresa's motion, the trial court appointed a guardian ad litem to represent the children and granted the guardian unlimited access to the children's medical, psychiatric, and school records. Additionally, the court announced at the beginning of the February 24, 1992 hearing that it granted Teresa's motion for reconsideration because it did not have enough evidence at the time it initially entered the divorce decree to "make a meaningful decision." Thus, it is apparent from the court's order and its comments during the hearing that the court was attempting to stay the effect of its September 26, 1991 divorce decree, so that it could hear *additional evidence*. Instead of reviewing the evidence it heard at the initial divorce hearing as requested by Teresa in her Rule 59(a)(6) motion, the trial court decided to hear additional evidence.

We have previously held that a Rule 59(a)(6) motion cannot be used to bring into the record that which does not otherwise appear in the record. *Burge v. Pack*, 301 Ark. 534, 785 S.W.2d 207 (1990); *Sharp Co. v. Northwest Ark. Planning & Consulting, Co.*, 269 Ark. 336, 602 S.W.2d 627 (1980). For these reasons, we find that the trial court's September 30, 1991 order did not grant a new trial pursuant to Ark. R. Civ. P. 59(a)(6). Because the court did not, therefore, act upon Teresa's motion for a new trial within thirty days as required by Ark. R. App. P.— Civ. 4(c), the motion was deemed denied and the trial court did

not have jurisdiction under Rule 59 to enter the March 5, 1992 order. *See Williams, supra; Ayres, supra; Isely, supra.*

### *IV.   Arkansas Rule of Civil Procedure 60*

■ Instead of relying upon Ark. R. Civ. P. 59, the trial court found that it had jurisdiction to issue the March 5, 1992 order under Ark. R. Civ. P. 60(b) which states that:

> To correct any error or mistake or to prevent the miscarriage of justice, a decree or order of a circuit, chancery or probate court may be modified or set aside on motion of the court or any party, with or without notice to any party, within ninety days of its having been filed with the clerk.

On numerous occasions, we have held that a trial court loses jurisdiction to set aside or modify an order pursuant to Ark. R. Civ. P. 60(b) if it does not do so within ninety days of the entry of the original order. *Griggs v. Cook*, 315 Ark. 74, 864 S.W.2d 832 (1993); *City of Little Rock v. Ragan*, 297 Ark. 525, 763 S.W.2d 87 (1989). In this case, the court did not modify or set aside its September 26, 1991 divorce decree until March 5, 1992, which is well beyond the ninety-day limitation period contained in Rule 60(b).

■ A trial court may modify or set aside its order beyond the ninety-day limitation contained in Rule 60(b) if the specifically enumerated conditions listed in Rule 60(c) exist. As in *Cigan Ins. Co. v. Brisson*, 294 Ark. 504, 506-A, 746 S.W.2d 558 (1988) (supplemental opinion granting rehearing), there is nothing in the record to suggest that these conditions exist in this case, nor were they argued below or upon appeal. Thus, we conclude that the trial court did not have jurisdiction to enter its March 5, 1992 order pursuant to Ark. R. Civ. P. 60.

### *V.   Waiver*

■ The trial court alternatively held that Jeffrey waived the issue of the trial court's jurisdiction when he appeared before the court on February 24, 1992, and argued the merits of Teresa's motion for reconsideration. We have continuously held that a

party may not consent to subject-matter jurisdiction where no such jurisdiction lies, nor may jurisdiction be waived. *Douthitt v. Douthitt*, 326 Ark. 372, 930 S.W.2d 371 (1996); *Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995). Thus, we conclude that Jeffrey did not waive the issue of the trial court's jurisdiction to enter the March 5, 1992 order.

## VI. Estoppel and Res Judicata

Finally, the trial court found that Jeffrey was estopped from contesting the court's jurisdiction to enter the March 5, 1992 order because both parties had relied upon the order for approximately three and a half years until it was eventually modified on December 26, 1995. Teresa, however, failed to assert the affirmative defense of estoppel in her answer to Jeffrey's motion to set aside the March 5, 1992 order, as required by Ark. R. Civ. P. 8(c). Instead, Teresa only asserted the defense of res judicata. Because Teresa failed to obtain a ruling from the trial court on the issue of res judicata, we will not consider it upon appeal. *See Morrison v. Jennings*, 328 Ark. 278, 943 S.W.2d 559 (1997).

As to Teresa's estoppel argument, we have previously held that a party may correct his or her failure to plead an affirmative defense by amending the answer at any time pursuant to Ark. R. Civ. P. 15(c). *Terminix Int'l Co. v Stabbs*, 326 Ark. 239, 930 S.W.2d 345 (1996); *Burge v. Pack*, 301 Ark. 534, 785 S.W.2d 207 (1990); *Brooks v. Town & Country Mutual Ins. Co.*, 294 Ark. 173, 741 S.W.2d 264 (1987). This argument must fail, as it did in *Burge* and *Brooks*, because there is nothing in the record to suggest that Teresa ever requested that her answer be amended to include the affirmative defense of estoppel.

We have also held that under Ark. R. Civ. P. 15(c), an issue not set forth in the responsive pleading may be raised by express or implied consent of the parties and thereby treated in all respects as though it had been properly pled. *Porter v. Harshfield*, 329 Ark. 130, 948 S.W.2d 83 (1996); *Hackleton v. Larkan*, 326 Ark. 649, 933 S.W.2d 380 (1996); *Brooks, supra*. Once again, there is nothing in the record to suggest that the affirmative defense of estoppel became an issue during the hearing by either

express or implied consent of the parties. Accordingly, we find that Jeffrey was not estopped from asserting that the trial court did not have jurisdiction to enter the March 5, 1992 order.

For these reasons, we find that the trial court did not have jurisdiction to enter the March 5, 1992 order modifying custody and child support. We reverse and remand for the trial court to determine the amount that Teresa owes in past-due child-support payments. This determination should take into account how long the September 26, 1991 child-support order remained in effect, in view of various orders entered subsequent to March 5, 1992, that may or may not have incorporated by reference the terms of the March 5, 1992 order.

Reversed and remanded.