# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3378
_____

Nationwide Property and Casualty Insurance Company

*Plaintiff - Appellee*

v.

Donald R. Faircloth, Jr.

*Defendant - Appellant*

Robert Jones; Carolyn Jones; Randall Cohea

*Defendant*s
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro
_____

Submitted: September 22, 2016
Filed: December 28, 2016
_____

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.
_____

SMITH, Circuit Judge.

Donald Faircloth purchased an automobile insurance policy online from
Nationwide Property and Casualty Insurance Company ("Nationwide"). Faircloth

wrecked his car, and Nationwide rescinded the policy. Before the district court,[1] Nationwide sought declaratory judgment that it had no duty to indemnify or defend Faircloth under the policy's coverage because Faircloth made material misrepresentations in his online insurance application. The district court granted summary judgment to Nationwide, concluding that Nationwide was entitled to rescind the policy because Faircloth misrepresented the "primary use" of his vehicle. We affirm.

## I. *Background*

In May 2013, Donald Faircloth applied online for an automobile insurance policy from Nationwide. The application asked Faircloth to identify the "primary use" of the vehicle from a multiple choice list. According to Nationwide's reproduction of the online application, Faircloth had three choices: "Work/School (commute to/from, errands)"; "Pleasure (recreational driving)"; and "Business (deliveries, sales calls, taxi)." Faircloth answered "Work."[2] Nationwide approved Faircloth's application and issued a policy.

On June 30, 2013, Faircloth hydroplaned, lost control of his vehicle, and crashed. On July 18, 2013, Nationwide decided to rescind Faircloth's policy because Faircloth's online application represented that Faircloth would maintain continuous insurance coverage until the Nationwide policy took effect, but Faircloth's former insurance policy allegedly lapsed before the Nationwide policy took effect.

---

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

[2]It is somewhat disputed whether Faircloth answered "work/school" or "work." Faircloth contends that he answered "work," and Nationwide contends that he answered "work/school." Although the district court used "work/school," the distinction is immaterial for the purposes of our analysis.

On November 4, 2013, Nationwide filed an action seeking declaratory judgment that it had no duty to indemnify or defend Faircloth under the policy's coverage because Faircloth made material misrepresentations in his application. Nationwide subsequently notified Faircloth that it was rescinding his policy and tendered his premiums to him; Faircloth did not accept or deposit the tender. On September 8, 2014, Nationwide deposed Faircloth and discovered that Faircloth used the vehicle to make business-related deliveries, putting over 1,200 miles a week on the vehicle for such deliveries. Nationwide contends that these facts establish that Faircloth also misrepresented his "primary use" of the vehicle as "work" instead of "business." Faircloth and Nationwide filed competing motions for summary judgment.

The district court granted Nationwide's motion for summary judgment and denied Faircloth's motion as moot. Although Faircloth "kind-of dispute[d] whether the online application he filled out included the parentheticals" that explain the three primary-use choices, the court determined that Faircloth failed to raise a material question of fact about how the primary-use choices appeared. Thus, "[a] reasonable fact finder could come to only one conclusion: the parentheticals were there." Therefore, the court held that Faircloth misrepresented his primary use of the vehicle because "[a] reasonable person in Faircloth's position—a person putting 1,200 miles a week on his car delivering things—would have chosen business as the primary use."

## II. *Discussion*

Faircloth argues that the district court erred in granting Nationwide's motion for summary judgment. First, he argues that the district court failed to address the "materiality" of the purported misrepresentation. Second, Faircloth argues that even if the misrepresentation was material, the application was ambiguous and Nationwide "cannot rescind the policy based on misrepresentations that it caused or induced." Additionally, Faircloth argues that Nationwide failed to properly effectuate rescission

under Arkansas law, Nationwide is estopped from rescinding the policy, and his third-party-liability coverage claim is not moot.

"We review *de novo* the district court's grant of summary judgment and may affirm the judgment on any basis supported by the record." *Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1000 (8th Cir. 2013). Considering the facts in the light most favorable to the nonmovant, "[w]e will affirm the district court's grant of summary judgment if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Chew v. Am. Greetings Corp.*, 754 F.3d 632, 635 (8th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Rohr v. Reliance Bank*, 826 F.3d 1046, 1052 (8th Cir. 2016) (quoting *Wingate v. Gage Cty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078–79 (8th Cir. 2008)).

"The burden of proof is particularly relevant when the party with the burden of proof moves for summary judgment and the opposing party presents evidence contesting the veracity of the movant's evidence." *United States v. 3234 Washington Ave. N.*, 480 F.3d 841, 845 (8th Cir. 2007). "In this situation, if the testimony of a witness . . . is necessary to carry the movant's burden of proof, we look carefully at whether the witness is unbiased and competent, and whether his testimony is positive, internally consistent, unequivocal, and in full accord with the documentary exhibits." *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 890 (8th Cir. 2015) (quoting *3234 Washington Ave. N.*, 480 F.3d at 845). "If the movant makes this showing, then the opposing party cannot force a trial merely to cross-examine the witness or in the hope 'that something might turn up at the trial.'" *3234 Washington Ave. N.*, 480 F.3d at 845 (quoting *Lundeen v. Cordner*, 354 F.2d 401, 408 (8th Cir. 1966)). However, summary judgment is improper when "'specific facts are alleged

that if proven would call the credibility of the moving party's witness into doubt,' . . . especially when the challenged testimony 'is an essential element of the plaintiff's case.'" *Id.* (quoting *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 81 (8th Cir. 1987)). "Indeed, if the credibility of a critical *interested* witness is even partially undermined in a material way by the non-moving party's evidence, summary judgment in favor of the party with the burden of proof should be denied." *Id.*

As a federal court sitting in diversity, we apply the substantive law of the forum state—Arkansas. *See Chew*, 754 F.3d at 635. Under Arkansas law, an insurer may rescind an insurance policy for any misrepresentation that is "material," even if such misrepresentation is not related to the loss sustained. *See S. Farm Bureau Life Ins. Co. v. Cowger*, 748 S.W.2d 332, 336 (Ark. 1988). The insurer bears the burden of showing that had it known of the misrepresented facts, "the circumstances were such that it would not have issued the present coverage." *Brooks v. Town & Country Mut. Ins. Co.*, 741 S.W.2d 264, 265 (Ark. 1987). Notably, "[t]he materiality to the risk of a fact misrepresented, omitted or concealed is a question of fact so long as the matter is debatable. It is a question of law only when so obvious that a contrary inference is not permissible." *Old Republic Ins. Co. v. Alexander*, 436 S.W.2d 829, 833 (Ark. 1969).

Although the district court did not expressly address whether Faircloth's misrepresentation was material, we "may affirm the judgment on any basis supported by the record." *Hohn*, 707 F.3d at 1000. Here, the record shows that Nationwide met its burden of establishing that it would not have issued the same coverage had Faircloth chosen "business" as his primary use. Nationwide presented the affidavit of Richard A. Yuill, an underwriter for Nationwide, which stated:

> Had Nationwide known of Mr. Faircloth's use of his vehicle as a
> delivery service in connection with his employment, including his full-

-5-

time use [of] the vehicle as a delivery driver, he would not have been issued this policy over the online application. The policy purchased would not have been available, and he would have[,] [i]nstead, been referred to the Nationwide Call Center in order to purchase a business automobile insurance policy for the vehicle.

Because "[t]he policy purchased would not have been available" and Faircloth would have been referred to the call center "to purchase a business automobile insurance policy," we conclude that had Nationwide known Faircloth's primary use was "business," it would not have issued the same policy. Faircloth argues that the district court overlooked "the admission by Yuill that 'work' and 'business' have the same colloquial meaning"; "the testimony by Yuill that there is no real criteria by which Nationwide determines the 'primary use' of a multi-use vehicle or the 'materiality' of a purported misrepresentation"; and "Yuill's testimony that he . . . did not know how any of the bases for rescission affected either the price or risk of the Policy." However, none of these assertions, if proved, "would call the credibility of the moving party's witness into doubt" as to "an essential element of the [Nationwide's] case," *3234 Washington Ave. N.*, 480 F.3d at 845, because none of these assertions contradict Yuill's statement that Faircloth would have been referred to the Nationwide Call Center had he chosen "business" as his primary use. Thus, even assuming Yuill qualifies as an "interested witness," his credibility was not "partially undermined in a material way by [Faircloth's] evidence." *See id.* Except for a general assertion that "materiality" is a fact question, Faircloth failed to present any contrary evidence indicating that Nationwide would have issued the same policy had he selected "business" as his primary use. Therefore, Faircloth failed to raise a genuine question of material fact as to the materiality of the misrepresentation. And even viewing the facts in the light most favorable to Faircloth, "a contrary inference is not permissible" as to the materiality of the primary-use selection. *See Alexander*, 436 S.W.2d at 833.

Alternatively, Faircloth argues that any misrepresentation (material or not) as to primary use was caused by ambiguities in the application and, therefore, Nationwide "cannot rescind the policy based on misrepresentations that it caused or induced." We disagree. The district court correctly determined that Faircloth failed to raise a fact issue about how the application screen appeared. Therefore, the court presumes that the online application contained the parentheticals, which are not ambiguous as a matter of law. *See Smith v. Prudential Prop. & Cas. Ins. Co.*, 10 S.W.3d 846, 850 (Ark. 2000) (noting that the existence of an ambiguity is a question of law).

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.[3]

_____

_____

[3]Because we "may affirm the judgment on any basis supported by the record," *Hohn*, 707 F.3d at 1000, we decline to address either party's alternative arguments. To the extent those arguments could provide independent grounds for reversal, we have considered those arguments and find them to be without merit.