# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3465

_____

Tamara O'Reilly

*Plaintiff - Appellant*

v.

Daugherty Systems, Inc.

*Defendant - Appellee*

------------------------------

Equal Employment Opportunity Commission

*Amicus on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 21, 2022
Filed: March 29, 2023

_____

Before GRUENDER, MELLOY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Tamara O'Reilly appeals the adverse grant of summary judgment on her claim under the Equal Pay Act. The district court[1] granted summary judgment in favor of Daugherty Systems, Inc. ("Daugherty") on the basis that O'Reilly had failed to establish a prima facie case because almost all her alleged comparators were either paid less than she was or did not perform equal work. Because the pay disparity was justified by a legitimate factor other than sex, we affirm.

## I.    BACKGROUND

In March 2014, O'Reilly began working at Daugherty as a Senior Manager with a starting base salary of $135,000. During the next three years, she received several promotions, ultimately serving as a Director/Client Partner with a base salary of $200,000. In May 2017, John Wirth, the Acting Managing Director of Daugherty's St. Louis branch, hired Drew Davis as a new Director/Client Partner working with a company client, Centene Corporation, with a base salary of $275,000. Approximately six months after Davis was hired, O'Reilly resigned and subsequently commenced this collective action alleging wage discrimination under the Equal Pay Act.

In a deposition, Wirth offered an explanation as to why Davis was brought on board with a higher salary than O'Reilly, testifying that Daugherty was "investing in her" while Davis brought a broad experience to the firm that O'Reilly lacked. O'Reilly acknowledges that she had no prior experience as a client partner, but contends she possessed valuable skills that Davis did not. As an example, O'Reilly contends that she was able to perform billable client service delivery of Daugherty's consulting services and solutions, which Davis was not able to perform. Wirth explained that while O'Reilly's base salary was $200,000, she had an incentive compensation guideline plan of $100,000, which was $45,000 more than Davis's plan. Additionally, O'Reilly was paid overtime while Davis was not. O'Reilly's

---

[1]The Honorable Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.

discovery responses revealed that she received $75,000 in incentive compensation for 2017 and $51,526 in overtime. She also asserted that Davis received a $20,000 sign-on bonus and a quarterly bonus of $40,000 during 2017, although she was unsure if this was the only incentive compensation he received.

The district court entered two separate orders in this case. The first order decertified the collective action while the second one granted Daugherty's motion for summary judgment. In granting the motion for summary judgment, the district court ruled that O'Reilly failed to make a prima facie case for discrimination under the Equal Pay Act because she had only identified one comparable male employee who was paid more than she was and acknowledged that ten male Daugherty employees were paid less or had not performed equal work. O'Reilly timely appealed.

## II.  DISCUSSION

We review a district court's decision to grant summary judgment *de novo* "and may affirm the judgment on any basis supported by the record." Nationwide Prop. & Cas. Ins. Co. v. Faircloth, 845 F.3d 378, 382 (8th Cir. 2016) (citation omitted). "Upon motion and after adequate discovery, summary judgment should be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Frosty Treats, Inc. v. Sony Comput. Ent. Am., Inc., 426 F.3d 1001, 1003 (8th Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). When, after considering the entire record, a rational trier of fact could not find for the nonmoving party, there is no genuine issue for trial. Gray v. FedEx Ground Package Sys., Inc., 799 F.3d 995, 999 (8th Cir. 2015) (citation omitted).

The Equal Pay Act generally prohibits discrimination against "employees on the basis of sex by paying wages to employees . . . [that are] less than the . . . wages [of] employees of the opposite sex in [the same] establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and

which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To establish a prima facie case, O'Reilly is required to demonstrate by a preponderance of the evidence the following elements: "(1) she was paid less than a male employed in the same establishment, (2) for equal work on jobs requiring equal skill, effort, and responsibility, (3) which were performed under similar working conditions." Dindinger v. Allsteel, Inc., 853 F.3d 414, 421-22 (8th Cir. 2017) (quoting Hunt v. Neb. Pub. Power Dist., 282 F.3d 1021, 1029 (8th Cir. 2002)). If O'Reilly establishes all three aspects, her employer may establish an affirmative defense by demonstrating the pay differential is the result of "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." Id. at 422 (citation omitted); 29 U.S.C. § 206(d)(1).

In the district court, O'Reilly attempted to establish male Daugherty employees were getting paid more for performing equal work by identifying several male comparators. In her answers to interrogatories, O'Reilly named twelve comparators. O'Reilly's summary judgment briefing before the district court abandoned comparators other than Davis and limited her prima facie case contentions to Davis. The district court noted that while O'Reilly's summary judgment briefing focused on the facts related to Davis, it recited the facts in the record as to each of the identified comparators. On appeal, O'Reilly urges us to only compare her job situation to that of Davis.

The record shows that, after incentive compensation is taken into consideration, O'Reilly had the potential to earn $300,000 and Davis $330,000. For 2017, including her overtime pay, O'Reilly was paid $326,526. Based on O'Reilly's admissions, Davis made $335,000. Davis had an identical job title, and his duties were substantially the same as O'Reilly's job duties. There is no allegation that O'Reilly's and Davis's job duties were performed under different conditions. We assume these facts are sufficient to establish a prima facie case.

-4-

We turn next to the affirmative defenses, particularly whether the pay differential is based on any other factor other than sex, which Daugherty bears the burden of proving. See Schottel v. Neb. State Coll. Sys., 42 F.4th 976, 982 (8th Cir. 2022) (noting employer has the burden of proving the pay differential was based on a factor other than sex). Education or experience is a permissible factor recognized by the Equal Pay Act. Hutchins v. Int'l Bhd. of Teamsters, 177 F.3d 1076, 1081 (8th Cir. 1999) (citations omitted). Here, the pay differential substantially narrows when terms other than base compensation are factored in. In addition, a marginal pay differential is permitted if it arises from a "finely calibrated" compensation system that is based on legitimate factors. See Schottel, 42 F.4th at 982 (citation omitted). O'Reilly has recognized that Davis brings skills and experience to the job that she does not possess. Whereas Davis has substantial experience, O'Reilly has acknowledged that she is new to the position. Pointing to other skills she possesses that allow her to perform billable client service delivery is exactly the kind of "wisdom or fairness" assessment of salary decisions that the Court may not engage in. See id. at 983.

In sum, Daugherty's explanation for the pay differential—the differences in skillsets and experience and the desire to incentivize O'Reilly to grow in the position—is sufficient to satisfy its burden of proving the pay differential was based on a factor other than sex. Because "no reasonable jury" could find other than in Daugherty's favor on the affirmative defense, see id. at 982, O'Reilly failed to raise a genuine dispute for trial, and Daugherty has shown it is entitled to judgment as a matter of law.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____