JOSEPH BROOKS ET AL *v.* W. G. BAKER ET AL

5-4162                                          412 S. W. 2d 271

Opinion delivered March 13, 1967

*Rose, Meek, House, Barron, Nash & Williamson,* for appellant.

*Williams* & *Gardner,* for appellee.

PAUL WARD, Justice. This litigation·concerns the allowance of a belated claim against the estate of William Brooks (called deceased) who died February 17, 1950, leaving a .widow and three children. The order of the Probate Court allowing the claim here involved was entered more than fifteen years later—on April 7, 1966. This is the belated order from which this appeal is taken.

The decisive issue is discussed by both sides as being involved in a complicated set of facts and events covering a period of sixteen years. For a better understanding of our conclusion hereafter reached it should be helpful to briefly summarize the facts and events just mentioned.

On March 1, 1950 letters of administration were issued to the deceased's widow, Fannie E. Brooks. About two months later it was learned the deceased had left a Will, and on May 9, 1950 the widow was appointed Executrix of the estate with Will annexed. In 1958 (while the administration was pending) the State paid into the estate the sum of $65,000 (the proceeds of a pending claim of the deceased for cotton seed). On April 24, 1961 W. G. Baker et al (appellees) filed a claim against the estate for $16,202.75 (based on notes executed by deceased in 1943). It being learned that the widow had died recently, appellees had the court to appoint M. J. Hickey, administrator in succession of the estate. On April 7, 1966 Hickey, as administrator in succession, allowed the claim, and on the same day the claim was allowed by the court. Then, on June 2, 1966, the court ordered that certain lands belonging to the estate be sold to pay the said claim. Thereupon the heirs of the deceased filed a Motion asking the court to vacate its orders previously mentioned on the ground that appellees' claim "was not presented within the time allowed by law and should be barred". Appellants' Motion was denied, and this appeal follows.

For reasons hereafter stated, it is our opinion that the trial court erred in denying appellants' Motion.

Ark. Stat. Ann. § 62-2601 a. (Suppl. 1965), in all parts material here, reads:

"a . . . all claims against a decedent's estate . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, *shall be forever barred* as against the estate, the personal representative, the heirs and devisees of decedent, *unless* verified and presented to the personal representative or filed with the court within *six months after the date of the first publication of notice to creditors.*" (Emphasis ours.)

"d. . . *All claims* barrable under the provisions of subsection (a) hereof *shall, in any event, be barred at the end of five years after the date of the death of decedent,* unless within said periods letters have been issued and notice to creditors published as provided by Section 50 [§ 62-2111]." (Emphasis ours.)

*One.* Appellees' claim was barred by subsection "a." above. The record discloses the following.

(1). Fannie E. Brooks, on March 1, 1950, filed a verified Petition for appointment of Administratrix of the Estate of the deceased. Letters were authorized on the same day by the judge.

(2). On the same date a bond was filed and approved.

(3). On the same date "Letters of Administration" were issued to Fannie E. Brooks by the Clerk.

(4). On March 2, 1950 Fannie E. Brooks, as Administratrix, signed a "Notice" stating "All persons having claims against the estate must exhibit

them, duly verified, to the undersigned within six months from the first publication of this notice, or they shall be forever barred and precluded from any benefit in the estate."

(5). The "Notice" was published in the Courier Democrat on March 3, 10, 17, 24, of 1950—a copy of the "Notice" being attached.

Ark. Stat. Ann. § 62-2116 d. (Supp. 1965) reads, in material part:

"When a will is presented for probate under the provisions of this section, the proceedings shall be deemed a part of the proceedings for probate or for administration already initiated."

Under the plain wording of the above quoted provisions of statutes and the record herein we have no alternative other than to hold appellees' claim was barred, and that the trial court should have so held. There is no contention on the part of appellees that they filed their claim "within six months after the date of the first publication of notice to creditors".

*Two.* Appellees' claim is also barred under subsection "d" of said § 62-2601 previously quoted, because their claim (filed on April 24, 1961) was not filed within "five years after the death of the decedent. . . ." It is undisputed that William Brooks died on February 17, 1950.

Appellees attempted to avoid the obvious results which we have above reached on the grounds that (a) the administratrix did not sign an acceptance of her appointment and (b) the order allowing their belated claim amounted to a judgment and appellants gave no reason for setting it aside. We see no merit in either ground stated.

(a) Certainly the widow was considered to be the

administratrix by the court because she acted as such over a period of some ten years, and by appellees because they asked to have Hickey appointed as administrator in *succession*. In 33 C. J. S. Executors and Administrators, § 71, there appears this statement:

> "The presumption that an administrator had duly qualified arises after the lapse of a considerable period of time where there is evidence that he acted as administrator and was recognized as such by the court, and it may be presumed that an administrator qualified at the time of the appointment."

To the same effect see 12 Ark. Law Review 1 at page 12.

(b)  The heirs did not appeal from the court's order allowing appellees' claim, but this would make no difference since they have a right to move to vacate at any time before a final order is entered. Ark. Stat. Ann. § 62-2015 (Supp. 1965), in material part, reads:

> "*For good cause*, at any time within the period allowed for appeal after the final termination of the administration of the estate of a decedent or ward, the court may vacate or modify an order, or grant a rehearing thereon; . . ." (Emphasis added.)

There can be no doubt, in view of what we have previously said, that "good cause" did exist in this instance, and the trial court had no alternative other than to set aside its previous order to sell property of the estate.

There being no contention that appellants did not perfect their appeal within proper time the cause must be, and it is hereby, reversed.

Reversed.