Cathrine Faye BRANTLEY *v.* Ella C. DAVIS, Executrix
of the Estate of Katherine Noble Smith

90-300                                              805 S.W.2d 75

Supreme Court of Arkansas
Opinion delivered March 18, 1991

*Hardin and Grace*, by: *Ed Daniel IV*, for appellant.

*Mays and Crutcher*, by: *Zimmery Crutcher*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Cathrine Faye Brantley, appeals the decision of the Probate Court of Pulaski County, Arkansas, which denied a motion to vacate a previous order dismissing a will contest with prejudice. We affirm.

The decedent, Katherine Noble Smith, died on June 23, 1989, a resident of Pulaski County, Arkansas. Appellant opened administration on the decedent's estate and pursuant to her request as the sole heir at law, an order was entered approving her as the personal representative of the estate on July 24, 1989. On August 1, 1989, appellee, Ella C. Davis, proffered a document dated July 19, 1988, as the last will and testament of the decedent and requested that she be named as executrix of the estate.

On August 7, 1989, appellant filed a contest of will alleging that the proffered will was not valid. On August 30, 1989, the

court admitted the will to probate, approved the appointment of appellee as executrix, and required the executrix to post a $50,000.00 surety bond. On November 30, 1989, appellant's prior counsel filed a motion requesting that the contest of will be dismissed with prejudice pursuant to Ark. R. Civ. P. 41. On December 1, 1989, the probate court entered an order granting appellant's motion and dismissing the contest of will with prejudice.

Appellant, with the services of new counsel, on February 27, 1990, filed a motion to set aside the December 1, 1989 order under the authority of Ark. R. Civ. P. 60(b). On May 11, 1990, appellant filed a motion to vacate the December 1, 1989 order for good cause pursuant to Ark. Code Ann. § 28-1-115(a) (1987). A hearing was held on June 28, 1990, and appellant proffered evidence in support of her motion that good cause existed for vacating the order of dismissal. Appellant proffered the testimonies of a handwriting expert and one of the witnesses to the will as well as other exhibits and documents relating that appellee exerted undue influence over the decedent and that the decedent lacked testamentary capacity. On July 12, 1990, the probate judge entered an order denying appellant's motion to vacate the dismissal of her will contest. It is from this July 12, 1990 order that appellant appeals to this court.

Appellant raises three claims on appeal: 1) the trial court erred in holding that the order dismissing the will contest could not be vacated for good cause under section 28-1-115(a); 2) the trial court erred in refusing to consider proffered evidence as "good cause" within the meaning of section 28-1-115(a) and vacating the order dismissing appellant's will contest; and 3) this court should review the proffered evidence *de novo* and invalidate the will due to lack of testamentary capacity and undue influence exercised upon the decedent by appellee, who is the majority beneficiary of the proffered will.

We consider appellant's first two claims together. Appellant contends the probate court erred in refusing to vacate for good cause the order dismissing with prejudice the will contest pursuant to section 28-1-115(a), which provides:

(a) For good cause and at any time within the period allowed for appeal after the final termination of the

administration of the estate of a decedent or ward, the court may vacate or modify an order or grant a rehearing. However, no such power shall exist as to any order from which an appeal has been taken or to set aside the probate of a will after the time allowed for contest thereof.

Appellant maintains that a study of this statute requires that she prevail in her endeavor to vacate the order dismissing with prejudice the contest of the will. She urges this is particularly true when one reads the case of *Price* v. *Price*, 258 Ark. 363, 527 S.W.2d 322 (1975), involving a challenge to the allotment of dower. There, appellee alleged that appellants were barred from contesting the confirmation of an allotment of dower by the passage of 90 days after the order approving the commissioner's report. The *Price* court ruled "the fact that appellants did not appeal from the order approving the commissioner's report prior to the probate court's final order, even though they might have done so, does not constitute a bar to the present appeal." *Id.* at 376, 527 S.W.2d at 330. To support this ruling, *Price* relied on Ark. Stat. Ann. § 62-2015 (Repl. 1971), now codified as Ark. Code Ann. § 28-1-115(a), which states in part:

For good cause, at any time within the period allowed for appeal after the final termination of the administration of the estate of a decedent or ward, the court may vacate or modify any order, or grant a rehearing thereon; except that no such power shall exist as to any order from which an appeal has been taken, or to set aside the probate of a will after the time allowed for contest thereof.

She further maintains that *Carpenter* v. *Horace Mann Life Ins. Co.*, 21 Ark. App. 112, 730 S.W.2d 502 (1987), a Court of Appeals case, is factually similar to the case at bar. There, the parties in contention signed an "Agreed Order Probating Will and Appointing Personal Representative." The appellant argued this order admitted the will to probate on an implied finding by the court that the testator was competent and acting without undue influence, fraud or restraint. The appellant contended that since no appeal was taken from these findings, the issues were *res judicata*. The trial court denied appellant's motion for summary judgment and held that:

[T]he express language of the above order admitted the will "conditionally," that issues involved in the will contest were reserved, and that the conduct of the parties in continuing to participate in the probate case by filing pleadings and briefs belied the assertion that the order admitting the will to probate disposed of the probate case once and for all.

*Id.* at 119, 730 S.W.2d at 505.

The Court of Appeals relied on the language of section 62-2015 to affirm the trial court stating, "even if the court had felt the order was res judicata on the validity of the will, it could have vacated its . . . order because the probate case was still open." *Carpenter, supra,* 21 Ark. App. at 119, 730 S.W.2d at 506. We note that perhaps the key consideration of this decision as it relates to the case at bar may be the observation that "[i]t seems clear that the order recognized that the will was being contested and it was admitted to probate conditionally, while expressly reserving for a future trial on the merits the issue of who would ultimately receive the benefits of the estate." *Id.* at 119, 730 S.W.2d at 506.

■ The statute in question and the cases of *Price, supra,* and *Carpenter, supra,* are authority for the probate court in the instant case to consider appellant's motion to vacate the order dismissing the will contest; however, a roadblock to appellant's efforts to vacate the order of dismissal with prejudice and renew her contest of the will is the case of *Screeton v. Crumpler,* 273 Ark. 167, 617 S.W.2d 847 (1981). In *Screeton,* we found the probate judge did not abuse his discretion in dismissing appellant's contest of a will for want of good faith prosecution. The *Screeton* decision was predicated on a finding that appellant had been granted two trial date continuances, as well as two continuances for the taking of discovery depositions, and did not even appear at a hearing on a motion to dismiss. This ruling was justified by our recognition that a proceeding to probate a will is a special proceeding, not an "action" as that term is ordinarily used, and does not constitute a civil action within Ark. R. Civ. P. 2 and 3. The opinion went on to observe that a "will contestant cannot take a nonsuit under Rule 41 [of the Arkansas Rules of Civil Procedure], because such a contest is not an independent

proceeding in itself." *Screeton*, 273 Ark. at 169-70, 617 S.W.2d at 849. The court opined that "[i]t would seriously disrupt the administration and distribution of estates if a will contest could be dismissed, voluntarily or without prejudice, and refiled at some indefinite later date." *Id.* at 170, 617 S.W.2d at 849. Thus, in *Screeton*, the dismissal in the probate court was necessarily with prejudice. Noticeably absent from the *Screeton* decision is any reference to the statute, or its predecessor, section 62-2015, relied on by appellant in the case at bar.

■ The probate judge in the instant case, although apparently feeling that appellant's proffered evidence might go to the rejection of the will, felt constrained because of *Screeton, supra,* to deny appellant's motion to vacate its earlier order of dismissal with prejudice. The probate judge concluded that any newly discovered evidence must go to the issues involved in the motion to vacate and not to the issues involved in the will contest itself. Thus, based on *Screeton, supra,* the probate court felt that a dismissal of a will contest was necessarily with prejudice and thus, the court determined it was without authority to vacate its prior order, with or without good cause, once the will contest had been dismissed with prejudice. Here, the appellant is charged with the responsibility of knowing the consequences of her action in voluntarily seeking a Rule 41 dismissal with prejudice. She had other options that she could have pursued before taking such a final and conclusive step.

The principle of orderly maintenance of an estate, which was enunciated in *Screeton, supra,* applies to this case. The probate court's dismissal of appellant's will contest was necessarily with prejudice. Any reconsideration of the dismissal must therefore relate to the dismissal itself and not to the merits of the will contest. While appellant points out "newly discovered" evidence that a claim of undue influence and lack of testamentary capacity may exist in this case, appellant offers no explanation why this evidence was not discovered prior to the dismissal. *See* Ark. R. Civ. P. 60(c)(1). The record is thus void of any evidence for our review of whether good cause exists to vacate the dismissal pursuant to section 28-1-115(a). Accordingly, we affirm the probate court's ruling denying appellant's motion to vacate the dismissal with prejudice of the will contest.

Appellant's third claim on appeal, that we should review the claims of undue influence and lack of testamentary capacity *de novo*, is rendered moot by our determination of the first issue.

Affirmed.

HOLT, C.J., and NEWBERN, J., concur.

BROWN, J., not participating.

DAVID NEWBERN, Justice, concurring. While I agree with the result reached by the Court's opinion, I do not believe it should have relied on *Screeton v. Crumpler*, 273 Ark. 167, 617 S.W.2d 847 (1981). As the Court's opinion states, the *Screeton* opinion does not mention the applicable statute, Ark. Code Ann. § 28-1-115 (1987). Apparently the statute, which was in effect at the time was not cited to the Court which was unaware of it. Had the statute been at issue in that appeal it probably would have been decided differently.

Subsection (b) of the statute, not cited in the majority opinion, is as follows: "No vacation or modification under this section shall affect any act previously done or any right previously acquired in reliance on such order or judgment." The General Assembly was apparently aware of the disruption which could be caused by reopening but chose to provide for it with some protection of persons whose rights might be affected.

The question here should be limited to whether the probate judge abused his discretion in finding no good cause to allow refiling of the will contest. In my view, there was no abuse.

HOLT, C.J., joins in this concurrence.