Hubert WHITE and Sharon White *v.* Evelyn WELSH as Executrix of the Estate of Martin Hardcastle, Jr., Deceased

95-1120                                                 915 S.W.2d 274

Supreme Court of Arkansas
Opinion delivered February 19, 1996

*Hubert L. White* and *Sharon G. White*, pro se.

*Michael E. Kelly*, for appellee.

BRADLEY D. JESSON, Chief Justice. The appellants, Hubert and Sharon White, are landowners in Marion County. Their land lies adjacent to property owned by the late Martin Hardcastle, Jr. On January 20, 1995, the appellants petitioned the Marion County probate court to set aside an order which authorized the sale of the Hardcastle land. The court denied the petition, and we affirm.

On October 24, 1990, appellee Evelyn Welsh filed a petition to probate the will of her decedent, Martin Hardcastle, Jr. That part of the Hardcastle estate which was subject to probate in Arkansas consisted of one hundred and twenty acres of land in Marion County. On October 26, 1990, the court admitted the will to probate and named Ms. Welsh executrix. Letters testamentary were issued the same day. Four years later, on November 9, 1994, Ms. Welsh petitioned the court for authority to sell the property for the appraised value of $37,000 in order to pay claims and make distribution. Her petition further requested authority to pursue litigation against Hubert and Sharon White. She claimed that the Whites had blocked a road which served as access to the Hardcastle property.

The record reflects that Hardcastle's devisees waived notice in connection with any hearing on the petition. On November 11, 1994, the court issued an order authorizing the sale of the property and finding that, in order to accomplish the sale, it would be necessary to pursue litigation against Hubert and

Sharon White. Approximately two months later, the Whites, who had received no notice of the petition, asked that the order be set aside. They alleged that the order, and the probate proceeding as a whole, contained various procedural deficiencies. They claimed standing on the grounds that Welsh's petition and the subsequent court order referred to them by name, referred to real estate owned by them, and referred to litigation against them. The probate judge, relying on *Doepke* v. *Smith*, 248 Ark. 511, 452 S.W.2d 627 (1970), found that the Whites were not "interested persons" as defined by Arkansas law and had no standing to question the issuance of the order. The petition to set aside was thus denied. It is from that ruling that the Whites appeal.[1]

■ This court conducts a *de novo* review of probate court orders. Absent clear error, the order is not reversed. *In the Matter of the Guardianship of Vesa*, 319 Ark. 574, 892 S.W.2d 491 (1995).

■ When a personal representative seeks authority to sell the real property of an estate, notice must be given to "such interested persons as the court may direct," unless the value of the interest to be sold is $1,500 or less. Ark. Code Ann. § 28-51-301(c) (1987). The term "interested persons" is defined in Ark. Code Ann. § 28-1-102(11) as follows:

> 'Interested persons' includes any heir, devisee, spouse, creditor, or any other having a property right, interest in, or claim against the estate being administered, and a fiduciary.

In the *Doepke* case, a potential tort claimant waited too long to file his claim against the decedent's estate. He asked that the estate be reopened. Only an interested person may petition to reopen an estate. Ark. Code Ann. § 28-53-119(a)(1) (1987). We held that, since the claimant no longer had an interest in the property of the estate, he had no standing to petition for a

---

[1] A right to review by this court lies from all probate court orders, other than an order removing a fiduciary for failure to give bond or to render a required accounting or an order appointing a special administrator. Ark. Code Ann. § 28-1-116(a) and (b) (1987). Therefore, the appeal is properly before us.

reopening.

In addition to *Doepke*, we addressed the issue of interested persons in the more recent case of *Pickens* v. *Black*, 316 Ark. 499, 872 S.W.2d 405 (1994). There, certain of the decedent's children who were not named in his will wanted to file suit for the wrongful death of their father. The executor did not wish to pursue the litigation, so the children petitioned the court to remove the executor. Such a petition must be filed by an interested person. Ark. Code Ann. § 28-48-105(a)(2) (1987). The probate court found that the children had no standing to file the petition. We agreed, holding simply that the children were not heirs, were not creditors, and had no claim against the estate.

In this case, the Whites are not heirs or creditors. Their petition does not assert any claim against the estate or declare any interest in the estate's property. Nowhere do they indicate any entitlement to proceeds which might be distributed by the estate. In fact, the situation is just the opposite. The Whites are persons against whom the estate has sought relief.

We conclude that the Whites are not interested persons as defined by Ark. Code Ann. § 28-1-102(11) (1987) and therefore have no standing to question the issuance of the court's order. Because they have failed to surmount this threshold issue, we do not reach their arguments regarding procedural irregularities and allegations of fraud.

Affirmed.