Ennie B. COBB *v.* ESTATE of Bennie C. KEOWN

CA 95-317                                920 S.W.2d 501

Court of Appeals of Arkansas
Division I
Opinion delivered May 1, 1996
[Petition for rehearing denied May 29, 1996.]

*Tona M. DeMers*, for appellant.

*Henry N. Means, III*, for appellee.

JAMES R. COOPER, Judge. The appellant in this probate case was the administratrix of the estate of her brother, Bennie C.

Keown. Wilma Paton filed a motion for an order determining her to be the biological daughter of Bennie C. Keown. After a hearing, the probate judge entered an order on August 15, 1991, finding that Bennie C. Keown executed documents recognizing that Wilma Paton is his natural daughter; that Wilma Paton was in fact the natural daughter of Bennie C. Keown; and that Wilma Paton was therefore entitled to inherit from the estate pursuant to the provisions of Ark. Code Ann. § 28-9-209(d)(2) (1987). The appellant filed a motion to set aside the order, alleging that newly discovered evidence existed which tended to prove Wilma Paton was not the natural daughter of the decedent. The appellant also filed a motion to disqualify Henry N. Means III as attorney for the estate. After a hearing, the probate judge denied both motions. From that decision, comes this appeal.

For reversal, the appellant contends that the probate judge abused his discretion in refusing to set aside the order entered on August 15, 1991, and in denying the motion to disqualify Henry N. Means III as attorney for the estate. We affirm.

Arkansas Code Annotated § 28-1-115(a) (1987) allows a probate court to vacate or modify its orders at any time before the time for appeal has elapsed after the final termination of the estate. *White* v. *Toney*, 37 Ark. App. 36, 823 S.W.2d 921 (1992). By its terms, this statute permits such modification or vacation upon a showing of "good cause." Ark. Code Ann. § 28-1-115(a), *supra*. The initial question in the case at bar is, therefore, whether the probate judge erred in failing to find good cause to vacate the order. We hold that he did not. The appellant's present attorney argues that there is newly discovered evidence consisting of a burial instruction sheet in which the space to list children was left blank, and evidence to show that the decedent had a test revealing a low sperm count several years after Wilma Paton's birth. The appellant's new attorney filed a motion to compel Wilma Paton to submit to a blood test, suggesting to the probate judge that the decedent's body could be exhumed so that tissue samples could be obtained for genetic testing. Although this zeal on behalf of new counsel is perhaps laudable, it nevertheless appears from the record that no satisfactory explanation was offered to show why this evidence could not have been obtained prior to entry of the order that the appellant seeks to have set aside. Accordingly, we hold that the probate judge did not err in failing to find good cause for vacation

of the order determining Wilma Paton to be the daughter of the decedent. *See Brantley* v. *Davis*, 305 Ark. 68, 805 S.W.2d 75 (1991).

Next, the appellant contends that the probate court erred in denying her motion to disqualify Henry N. Means III as attorney for the estate. This motion was based on the fact that Mr. Means had previously represented the appellant in a highway condemnation suit in 1983.

■ Rule 1.9 of the Model Rules of Professional Conduct precludes a lawyer who has formerly represented a client from representing another person in "the same or a substantially related matter." On this record, we cannot say that the probate judge erred in failing to find that the highway condemnation suit of 1983 was "the same or substantially related" to the determination of heirship at issue in the case at bar and, consequently, we affirm.

Affirmed.

ROBBINS and STROUD, JJ., agree.