HELENA REGIONAL MEDICAL CENTER,
and Enrique Guillermo, M.D. *v.* Trina WILSON,
as Administratrix of the Estate of
Angela Nolen, Deceased

04-434 207 S.W.3d 541

Supreme Court of Arkansas
Opinion delivered April 28, 2005

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Ken Cook* and *Jeffrey L. Singleton*, for appellant Helena Regional Medical Center.

*Womack, Landis, Phelps, McNeill, & McDaniel*, by: *Paul D. McNeil* and *Raney English Coleman*, for appellant Enrique Guillermo, M.D.

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*; and *Alexander Law Firm*, by: *Tonya Alexander*, for appellee.

ANNABELLE CLINTON IMBER, Justice. On February 27, 1997, Appellee Trina Wilson filed a petition in the Probate Court of Phillips County seeking appointment as the administratix for the estate of her deceased daughter, Angela Nolen.[1] The probate judge signed an order granting the petition on March 13, 1998. Thereafter, on January 8, 1999, Wilson filed a lawsuit in her capacity as administratix of the estate of Angela Nolen, deceased, against Appellants Helena Regional Medical Center and Dr. Enrique Guill-

---

[1] By virtue of Amendment 80 to the Arkansas Constitution, which became effective on July 1, 2001, our state courts are no longer "probate courts" and "circuit courts." These courts have merged and now carry the designation of "circuit court." *Alexander v. Alexander*, 351 Ark. 359, 93 S.W.3d 688 (2002).

ermo, asserting claims of medical malpractice in the treatment of Angela Nolen. The parties in that lawsuit subsequently discovered that the order appointing Wilson administratix of the estate was not filed with the Phillips County Clerk[2] until March 11, 2002. Likewise, Letters of Administration were not issued until March 11, 2002, which was more than three years after Wilson filed the medical malpractice action against the appellants.

Two months later, in an order filed on May 10, 2002, the probate division of the circuit court ruled that "the docket book and records of the Probate Clerk's office shall reflect that the Order appointing Trina Wilson as Administratix of the Estate of Angela Nolen, deceased, on March 11, 2002 shall reflect that filing as of March 13, 1998, *nunc pro tunc*." In doing so, the court concluded that through a "simple mistake or inadvertence" on the part of the clerk's office, the order was not file-marked as of March 13, 1998. Meanwhile, Appellants Helena Regional and Dr. Guillermo maintained that Wilson was not legally competent to serve as administratix according to the Arkansas Probate Code, Ark. Code Ann. § 28-48-101 (Repl. 2004), because she had previously admitted to a felony conviction. In an effort to challenge the propriety and timing of any orders relating to Wilson's appointment as administratix of the Angela Nolen estate, the appellants filed separate motions to intervene in the probate case. They also filed motions to vacate the order appointing Wilson as administratix of the estate of Angela Nolen, deceased, or in the alternative, to vacate or modify the circuit court's May 10 *nunc pro tunc* order.

The circuit court held a hearing on the outstanding motions on July 11, 2003. After hearing testimony, the court found that the appellants were not interested parties as defined by the Arkansas Probate Code, Ark. Code Ann. § 28-1-102(11) (Repl. 2004), and therefore lacked standing to question the issuance of the court's order. Additionally, because the court had denied the appellants' motions to intervene, the motions to vacate or modify were declared moot and dismissed. Subsequent motions for reconsideration filed by the appellants were also denied. From the order denying the motions for reconsideration, the appellants now bring

---

[2] According to Ark. R. Civ. P. 3 (2004), the term "clerk of the court" means "the circuit clerk and, with respect to probate matters, any county clerk who serves as ex officio clerk of the probate division of the circuit court pursuant to Ark. Code Ann. § 14-14-502(b)(2)(B)."

the instant appeal. On cross appeal, Wilson seeks to dismiss the appeal for lack of a timely notice of appeal, citing Ark. R. Civ. P. 52(b) (2004).

This case was certified to us by the Arkansas Court of Appeals pursuant to Ark. Sup. Ct. R. 1-2(b)(1), (5), and (6) as a case involving issues of first impression, issues needing clarification under the law, and substantial questions of law concerning the interpretation of the court rules and Arkansas statutes. We review probate matters *de novo* on appeal. *Reynolds v. Guardianship of Sears*, 327 Ark. 770, 940 S.W.2d 483 (1997). Furthermore, this court will not disturb the probate judge's decision absent an abuse of discretion or a finding that the judge's decision is clearly erroneous. *Id.*

We must first address the cross appeal in which Wilson argues that the appellants filed an untimely notice of appeal. Without a timely notice of appeal, this court does not have jurisdiction. *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002). Even if the jurisdictional issue had not been raised by Wilson, we would determine the timeliness of the notice of appeal in order to decide whether the appeal is properly before us. *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003).

With regard to the timeliness of the notice of appeal, the chronology of events is as follows. The circuit court denied the appellants' motions to intervene on July 25, 2003. In that order, the court also dismissed their motions to vacate or modify the *nunc pro tunc* order on mootness grounds. On August 22, 2003, Appellant Helena Regional filed a motion for reconsideration. Shortly thereafter, on August 29, 2003, Appellant Dr. Guillermo filed a similar motion. The circuit court denied both motions for reconsideration on November 18, 2003. The appellants then filed a joint notice of appeal on December 11, 2003, appealing only the order denying the motions for reconsideration. Wilson responded by filing a notice of cross appeal. Despite Wilson's argument to the contrary, we hold that the appellants filed a timely notice of appeal and the appeal is properly before us.

As a general rule, the Arkansas Rules of Civil Procedure govern the procedure in all civil proceedings cognizable in the circuit courts except where a statute that creates a right, remedy, or proceeding specifically provides a different procedure; in the later event, the procedure specified in the statute shall apply.

Ark. R. Civ. P. 81(a) (2004). We have held that certain rules of civil procedure do not apply to probate proceedings because they are special proceedings under Ark. R. Civ. P. 81(a). *See, e.g., In re: Adoption of Baby Boy Martindale*, 327 Ark. 685, 940 S.W.2d 491 (1997); *Brantley v. Davis*, 305 Ark. 68, 805 S.W.2d 75 (1991); *Screeton v. Crumpler*, 273 Ark. 167, 617 S.W.2d 847 (1981). In each of these cases, the statute creating the special proceeding provided for a procedure that is different from the relevant rule of civil procedure. *Norton v. Hinson*, 337 Ark. 487, 989 S.W.2d 535 (1999).

 With respect to the circuit court's authority to modify or vacate prior orders, the Arkansas Probate Code provides for procedures that are different from the relevant rules of civil procedure. Specifically, section 28-1-115 of the probate code sets out the following rules governing the circuit court's power to vacate or modify an order in probate proceedings:

> (a) For good cause and at any time within the period allowed for appeal after the final termination of the administration of the estate of a decedent or ward, the court may vacate or modify an order or grant a rehearing. However, no such power shall exist as to any order from which an appeal has been taken or to set aside the probate of a will after the time allowed for contest thereof.

> (b) No vacation or modification under this section shall affect any act previously done or any right previously acquired in reliance on such order or judgment.

Ark. Code Ann. § 28-1-115 (Repl. 2004). Similarly, certain procedures set forth in section 28-1-116 of the probate code govern appeals from orders of the circuit court in probate proceedings, including in relevant part:

> (a) APPEAL PERMITTED. Except as provided in subsection (b) of this section, *a person aggrieved* by an order of the circuit court in probate proceedings under the provisions of the Probate Code may obtain a review of the order by the Supreme Court or the Court of Appeals.

> (b) ORDERS WHICH ARE NOT APPEALABLE. There shall be no appeal from an order:

> (1) Removing a fiduciary for failure to give a new bond or to render an account as required by the court; or

(2) Appointing a special administrator.

(g) APPLICABILITY OF GENERAL APPELLATE RULES.

(1) Except as otherwise provided in the Probate Code, the provisions as to time, manner, notice, appeal bonds, stays, scope of review, duties of the clerk, and all other matters relating to appellate review shall be determined by the law and rules applicable to appeals in equity cases.

Ark. Code Ann. § 28-1-116 (a), (b), (g) (Repl. 2004) (emphasis added). When the appellants petitioned the circuit court for reconsideration, they were asking the court to exercise its authority to modify or vacate the July 25 order under Ark. Code Ann. § 28-1-115. Under that section, the circuit court may modify or vacate an order in probate proceedings "at any time within the period allowed for appeal after the final termination of the administration of the estate . . . ." Thus, when the appellants filed their motions for reconsideration *and* the court denied those motions, they were entitled to appeal that denial by filing a timely notice of appeal under Ark. Code Ann. § 28-1-116. *White v. Welsh*, 323 Ark. 479, 915 S.W.2d 274 (1996); *Pickens v. Black*, 316 Ark. 499, 872 S.W.2d 405 (1994) (Section 28-1-116 determines whether there is a right of appeal from probate court orders).

■ Notably, under the plain language of section 28-1-116, any person aggrieved by an order of the circuit court in probate proceedings may appeal that ruling unless the order is listed in subsection (b) of that section. Here, the appellants were aggrieved by the circuit court's November 18, 2003, order denying their motions for reconsideration. Consequently, under the provisions of Ark. Code Ann. § 28-1-116, they could obtain appellate review of that order and they did so by timely filing a notice of appeal on December 11, 2003.

Wilson nonetheless contends that the notice of appeal was untimely because the motions for reconsideration were made pursuant to Ark. R. Civ. P. 52(b)(1) (2004). Rule 52(b) in pertinent part states:

(b) Amendment.

(1) Upon motion of a party made not later than 10 days after entry of judgment, the court may amend its findings of fact previously

> made or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered. If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day.

Ark. R. Civ. P. 52(b)(1). In the instant case, the order denying the appellants' motions to intervene was entered on July 25, and the motions for reconsideration were not filed until August 22. Wilson therefore asserts that the motions for reconsideration filed more than 10 days after entry of judgment were clearly untimely under Rule 52(b)(1). Under that analysis, the time for filing the notice of appeal from the July 25 order would not be extended pursuant to Ark. R. App. P. – Civ. 4(b)(1) (2004), and the deemed-denied rule would not be applicable.[3] See U.S. Bank v. Milburn, 352 Ark. 144, 100 S.W.3d 674 (2003).

■ Wilson's position on this point ignores the procedures established by statute for probate proceedings whereby the court may modify or vacate a previous order at "any time within the period allowed for appeal after the final termination of the administration of the estate." Ark. Code Ann. § 28-1-115. In any event, the appellants did not request that the court amend its findings of fact or make additional findings regarding their right to intervene in the probate case. Instead, they asked the court to reconsider its interpretation of the law. More specifically, they argued that the " 'interested party' analysis undertaken by the court, as it related to the motions to intervene, was improper because Ark. R. Civ. P. 24 (2004), which governs the intervention, does not require a party to be an 'interested party,' as defined by Ark. Code Ann. § 28-1-102(11)." We hold that the appellants' motions for reconsideration of the circuit court's order denying intervention were not

---

[3] Similarly, even if we were to treat the motions for reconsideration as motions made pursuant to Ark. R. Civ. P. 60 (2004), Slaton v. Slaton, 330 Ark. 287, 956 S.W.2d 150 (1997), the notice of appeal would also be untimely because under that rule the court would lose jurisdiction as a result of failing to rule on the motions within ninety days of the July 25 order. Moreover, a Rule 60 motion does not extend the time for filing a notice of appeal. Shivey v. Shivey, 337 Ark. 262, 987 S.W.2d 719 (1999) (citing Ark. R. App. P. – Civ. 4(b)).

made pursuant to Rule 52(b). Furthermore, we conclude that the appeal is properly before us under the procedures established by statute for probate proceedings. Ark. Code Ann. §§ 28-1-115 through 116 (Repl. 2004); *White v. Welsh, supra; Pickens v. Black, supra.*

The dissent disagrees, asserting that section 28-1-115 of the probate code is not applicable to motions to intervene pursuant to Ark. R. Civ. P. 24 (2004), and, thus, this court does not have jurisdiction to consider this appeal from an order denying intervention in a probate proceeding. In reaching that conclusion, the dissent ignores our decision in *Reynolds v. Guardianship of Sears, supra*, where we recognized that the filing of a motion to intervene pursuant to Ark. R. Civ. P. 24 would be the proper procedural method for a nonparty to enter a probate proceeding. Furthermore, despite the dissent's assertion that "the majority discards the other applicable rules of civil procedure," it is well settled that probate proceedings are not governed exclusively by the rules of civil procedure. Ark. R. Civ. P. 81. As set forth earlier in this opinion, under the plain language of Rule 81 the procedure set out in the probate code shall apply if it is different from the rules of civil procedure. Similarly, in probate proceedings, where the probate code is void of specific instructions, the rules of civil procedure thereby supplement vacancies in the probate code. Ark. Code Ann. § 28-1-116(g).[4] In this case, Ark. Code Ann. § 28-1-115 expressly allows probate courts to modify or vacate a previous order at "any time within the period allowed for appeal after the final termination of the administration of the estate." In other words, the statute establishes an extended period during which courts have jurisdiction to modify or vacate orders in probate proceedings. In accordance with Ark. R. Civ. P. 81, it is precisely because the probate code and our rules of civil procedure set forth different time limits on the court's authority to modify or vacate prior orders that section 28-1-115 applies in probate proceedings.[5]

The appellants raise two points of error on appeal: (1) the court erred in determining that they were not entitled to intervene in the probate proceeding and (2) the court erred when it denied

---

[4] In determining when to apply the procedures set out in the probate code, the dissent jettisons Rule 81 and proposes to establish a new test: Is there something "unique" about a particular motion?

[5] The dissent also goes beyond the issue of jurisdiction when it ventures into the merits of whether the appellants have satisfied the good-cause requirement in section 28-1-115; that is, whether there was good cause for the court to modify or vacate its order.

the motion to vacate or modify the May 10, 2002 *nunc pro tunc* order.[6] For their first point on appeal, the appellants argue that they should be allowed to intervene in the probate proceeding in order to challenge the propriety and timing of any orders relating to Wilson's appointment as administratix of the Angela Nolen estate. According to the appellants, her status as administratix is "determinative as to whether a lawsuit was filed within the applicable limitations period for claims of medical malpractice." *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002); *Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001).

The order entered on July 2, 2003, reflects a summary denial of the appellants' motions to intervene. However, the court explained the basis for its ruling in a letter opinion filed on the same day. First, the court ruled that "in order for [Appellants] to be allowed to intervene, they must be interested parties as defined in Ark. Code Ann. § 28-1-102(11)."[7] The court determined that the appellants did not fall within any of the categories listed in section 28-1-102(11). Finally, the court concluded that they lacked standing to question the issuance of the court order, citing *White v. Welsh, supra*. In its order denying the motions for reconsideration, the circuit court relied upon our opinion in *Reynolds v. Guardianship of Sears, supra* (citing *White v. Welsh, supra*, and *Wells v. Estate of Wells*, 325 Ark. 16, 922 S.W.2d 718 (1996)) to conclude that the appellants "have no standing in this probate case to intervene and question the order of the probate court."

■ Rule 24 of the Arkansas Rules of Civil Procedure sets forth the procedure by which a nonparty may petition to intervene in a civil proceeding. That rule states in relevant part:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the

---

[6] Contrary to the appellants' second point on appeal, the circuit court did not deny appellants' motions to vacate or modify the May 10, 2002, *nunc pro tunc* order; rather, the court declared those motions to be moot and dismissed them.

[7] Arkansas Code Annotated § 28-1-102(11) (Repl. 2004) states: " 'Interested persons' includes any heir, devisee, spouse, creditor, or any other having a property right, interest in, or claim against the estate being administered, and a fiduciary."

disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Ark. R. Civ. P. 24 (a) & (b) (2004). *See Billabong Products, Inc. v. Orange City Bank*, 278 Ark. 206, 664 S.W.2d 594 (1983). As noted above, we recognized in *Reynolds v. Guardianship of Sears, supra*, that the proper procedural method for a nonparty to enter a probate proceeding would be by filing a motion to intervene pursuant to Ark. R. Civ. P. 24. In that guardianship proceeding, Reynolds asserted a right to file a responsive pleading pursuant to Ark. R. Civ. P. 12 following the probate court's denial of his motion to dismiss for improper venue. We agreed with the probate court that Reynolds was not a party to the probate proceeding and had no standing to contest the appointment of guardians. *Reynolds v. Guardianship of Sears*, 327 Ark. at 772, 940 S.W.2d at 484. Yet, because Reynolds did not seek to intervene pursuant to Ark. R. Civ. P. 24, there was no need for this court to conduct a Rule 24 analysis. Furthermore, our review on the standing issue was limited to cases in which a nonparty attempted to challenge the trial court's order without seeking to intervene pursuant to Rule 24. *See White v. Welsh, supra*, and *Wells v. Estate of Wells, supra*.

Here, unlike the cases cited above, the appellants filed motions to intervene pursuant to Ark. R. Civ. P. 24. Yet, the circuit court failed to undertake any analysis under Rule 24 when it denied reconsideration of the order denying the appellants' motions to intervene. Consequently, because this court has recognized the applicability of Ark. R. Civ. P. 24 to probate pro-

ceedings in the *Reynolds* case, we must reverse and remand for the circuit court to address the merits of the requested intervention under Rule 24. In light of this holding, we need not address the appellants' remaining argument for reversal.

Reversed and remanded.

CORBIN, J., BROWN, J., and GUNTER, J., dissent.

DONALD L. CORBIN, Justice, dissenting. I respectfully disagree with the majority's opinion reversing and remanding this case to the trial court. My review of the record reveals that Appellants failed to timely seek reconsideration of the trial court's order denying their motions to intervene and subsequently failed to timely file their notices of appeal. Thus, this court is without jurisdiction to consider the appeal.

The majority sidesteps our lack of jurisdiction by concluding that Ark. Code Ann. § 28-1-115 (1987) applies and somehow allows Appellants to seek reconsideration at any time following entry of the trial court's order. This conclusion is in error for two reasons. First, section 28-1-115 is not applicable to the case at hand. Section 28-1-115(a) provides in relevant part:

> For good cause and at any time within the period allowed for appeal after the final termination of the administration of the estate of a decedent or ward, the court may vacate or modify an order or grant a rehearing. However, no such power shall exist as to any order from which an appeal has been taken or to set aside the probate of a will after the time allowed for contest thereof.

In applying this section, this court has recognized that there is a need for greater flexibility in the probate court. *See Price v. Price*, 258 Ark. 363, 527 S.W.2d 322 (1975). In *Price*, however, this court recognized that such flexibility was needed regarding orders concerning the administration of the estate. In this case, however, we are dealing with motions to intervene brought by parties who have no rights to the proceeds of the estate. Such motions have no impact on the administration of an estate.

Moreover, at no time has this court ever found section 28-1-115 to be applicable to an order denying a party's motion to intervene in a probate case under Ark. R. Civ. P. 24. Rule 24, which is the rule that Appellants allege require their intervention in the probate case, is a rule of civil procedure. The majority

ultimately concludes that the trial court in this case must analyze Appellants' motions to intervene under Rule 24; yet, to reach this conclusion, the majority discards other applicable rules of civil procedure on the basis that probate statutes govern this case. I do not understand this contradictory position set forth by the majority opinion. Simply put, a motion to intervene is not a typical probate order. Appellants' motions to intervene and the trial court's subsequent order denying those motions have nothing at all to do with the administration of the Nolen estate. Rather, they were filed for the sole purpose of allowing Appellants to challenge the appointment of the adminstratrix in an attempt to thwart the civil suit filed against them by the estate. Thus, section 28-1-115(a) is inapplicable.

Second, even if I were to assume that section 28-1-115 is somehow applicable, Appellants do not satisfy the good-cause requirement of this section. Section 28-1-115 specifically allows a trial court to vacate or modify a previous order if there is good cause to do so. In *Brantley v. Davis*, 305 Ark. 68, 805 S.W.2d 75 (1991), this court affirmed an order of the probate court denying a motion to vacate where the record was void of any evidence as to whether good cause existed to vacate the order. *See also Brooks v. Baker*, 242 Ark. 128, 412 S.W.2d 271 (1967) (holding that the trial court erred in denying a motion to vacate where good cause existed to set aside the order). Similarly, the court of appeals in *Cobb v. Estate of Keown*, 53 Ark. App. 171, 920 S.W.2d 501 (1996), affirmed an order of the trial court denying an appellant's motion to set aside an order. In affirming, the court of appeals concluded that an allegation of newly discovered evidence did not satisfy the requirement of good cause, because there was no explanation as to why the evidence could not have been discovered prior to entry of the trial court's order.

Here, the motion filed by Helena Regional Medical Center fails to allege that there is any good cause for the trial court to reconsider its previous order.[1] In fact, the primary basis for the motion for reconsideration appears to be that the trial court incorrectly interpreted the law. Essentially, the motion for reconsideration is nothing more than reargument of Appellants' original

---

[1] Separate Appellee Dr. Guillermo did not file a motion for reconsideration; rather, he filed a motion to adopt Helena Regional's motion for reconsideration.

position regarding their right to intervene.[2] I am remiss to understand how arguments already made to the trial court constitute good cause under section 28-1-115. Obviously, the majority is also unable to ascertain what good cause exists in this case as evidenced by its failure to even address the issue.

Finally, I must note my agreement with the majority that section 28-1-115 establishes an extended period during which a probate court has jurisdiction to modify or vacate a previous order. Yet, I reiterate that there must be good cause in order for a trial court to avail itself of this extended period of time. How the majority comes to the conclusion that the issue of good cause is irrelevant in the instant matter is beyond my comprehension. The first three words in section 28-1-115(a) are "[f]or good cause" followed by the connector "and." Thus, according to the plain language of section 28-1-115, a trial court may vacate or modify an order if there is good cause *and* it is within the time allowed for appeal. In the absence of one of these statutory requirements being met, a party may not seek reconsideration of a trial court's order pursuant to this section. Hence, in the present case where the parties did not even allege that there was good cause for the trial court to vacate its previous order, section 28-1-115 is simply not applicable. Nevertheless, Appellants and the majority rely on this section in order to cure the defect caused by Appellants' failure to timely file their motion for reconsideration. This is a disingenuous tactic that is subverting both our rules of civil procedure and the Probate Code.

Determining that section 28-1-115 is inapplicable leads to the question of what rule governs the motion for reconsideration and its timing. The majority concludes that Appellee's argument that Ark. R. Civ. P. 52(b) governs is without merit. I agree with the majority that Rule 52(b) governs situations where a party requests that a court amend its findings or make further findings, and such is not the present case. The majority, in a footnote, also mentions Ark. R. Civ. P. 60 but does not address the issue of whether it is applicable to the case at bar or not. I do not believe that Rule 60 is applicable, as that rule allows a trial court to vacate

---

[2] Helena Regional also alleges that the trial court requested post-hearing briefs but then issued its order prior to receiving those briefs. Nevertheless, Helena makes no argument that the trial court's failure to consider their subsequently submitted brief constitutes good cause for reconsideration.

or modify a judgment in order to correct an error or mistake or to prevent the miscarriage of justice.

In this case, Appellants essentially asked the trial court to vacate its judgment, reconsider its interpretation of the law, and enter a new judgment in their favor, thereby allowing them to intervene in the probate case. Thus, it is apparent to me that the substance of Appellant's motion is one for a new trial pursuant to Ark. R. Civ. P. 59. In fact, Rule 59(a)(6) provides that one of the grounds for a new trial is a decision that is contrary to the law, which is what Appellants argued in the motion for reconsideration.

In *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997), this court recognized that a motion filed as a "motion for reconsideration" was actually a motion for a new trial under Rule 59 where the substance of the motion was an allegation that the divorce decree was contrary to the preponderance of the evidence. There, this court reiterated the rule that motions should be liberally construed and that courts should not be blinded by titles but should look to the substance of the motions to ascertain what they seek. In support of its conclusion, the *Slaton* court cited to its previous decision in *Jackson v. Arkansas Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992), where this court held that a motion to vacate, which claimed that the judgment was void because it was contrary to the facts and the preponderance of the evidence, was really a motion for a new trial under Ark. R. Civ. P. 59(a)(6).

I agree with the rationale of this court in *Slaton* and *Jackson* and believe it to be applicable to the motion for reconsideration filed in this case. Appellants in their motion for reconsideration argued that the trial court's order was in error because the trial court failed to analyze their motions to intervene under Rule 24. Their request that the trial court vacate its previous order and enter a new order granting their motions to intervene is clearly tantamount to a motion for a new trial. Thus, pursuant to Rule 59(b), Appellants had ten days from entry of the judgment to file their motion for reconsideration. As judgment was entered in this case on July 25, 2003, Appellants had until August 8, 2003, to file their motion. Helena Regional filed its motion on August 22, followed by Dr. Guillermo's motion to adopt on August 29. Clearly, both these filing dates were beyond the ten days allowed under Rule 59(b). Because the motions were not timely filed, the trial court had no authority to consider the merits of the motion.

Moreover, even if Appellants' motion had been timely filed, the trial court did not rule on the motion for reconsideration within thirty days of its filing, as required by Rule 59(b). In fact, the trial court did not rule on the motion until November 18, 2003. Pursuant to Rule 59(b), if a trial court neither grants nor denies the motion within thirty days of the date it was filed, the motion shall be deemed denied. Thus, in this case, Appellants' motion was deemed denied on September 22, 2003, thirty days after Helena Regional filed the motion for reconsideration.

Despite the fact that Appellant's motion was deemed denied on September 22, they did not file their notice of appeal until December 11, 2003. The time for filing a notice of appeal is governed by Ark. R. App. P.–Civ. 4, which provides in pertinent part:

(b) *Extension of time for filing notice of appeal.*

(1) Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from the entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Therefore, under Rule 4(b)(1), Appellants were required to file their notice of appeal by October 22, 2003, thirty days after their motion was deemed denied. Because Appellants did not file their notice of appeal until December 11, 2003, their appeal was untimely. As this court has recognized, the timely filing of a notice of appeal is jurisdictional. *U.S. Bank v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003); *Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995). Appellants' failure to timely file a notice of appeal renders this court without jurisdiction to consider the merits of their appeal; yet, despite our lack of jurisdiction, the majority addresses the merits of Appellants' argument and remands this matter to the trial court. This is clearly in error.

Again, however, the majority avoids the procedural defect with the notice of appeal by asserting that Appellants' notice of appeal was timely filed under Ark. Code Ann. § 28-1-116 (1987). That section is inapplicable as we are dealing with matters of civil procedure. In any event, subsection (g) of section 28-1-116 establishes the applicability of general appellate rules. Simply because Appellants, who are defendants in a civil lawsuit filed on behalf of the estate, sought to intervene in the probate case does not mean that the rules of civil procedure should be ignored. As I previously pointed out, the purpose of the Probate Code, as recognized by this court on numerous occasions, is to allow probate judges greater flexibility in their orders regarding the administration of estates. This is so because of the unique nature of probate proceedings. There is simply nothing unique about a motion to intervene or a motion for reconsideration that would warrant the use of the more flexible standards of the Probate Code.

Based on the foregoing reasons, I must respectfully dissent.

BROWN and GUNTER, JJ., join.