

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-15-883

| | |
|---|---|
| MEEGAN WINGATE-MICKLES<br>APPELLANT<br><br>V.<br><br>MARQUITA HARRIS<br>APPELLEE | **OPINION DELIVERED** MAY 11, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br>[NO. 60PR-2014-1694]<br><br>HONORABLE MARY SPENCER McGOWAN, JUDGE<br><br>REVERSED AND REMANDED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Meegan Wingate-Mickles appeals an order entered on July 7, 2015, by the Pulaski County Circuit Court ordering her, as executrix of the estate of Emrich Swonia, to pay the attorney's fee of Frances Morris Finley, a previous attorney for the estate who had filed a successful will contest, in the amount of $6,989.64.[1] She argues that (1) Ms. Finley's claim was improperly filed and not authorized by law; (2) Ms. Finley's affidavit was not pursuant to any contract with the former executrix; (3) Ms. Finley's actions on behalf of the estate were in bad faith and were against the wishes of the testator; and (4) the trial court

---

[1]This appeal is brought by appellant on the sole issue of Ms. Finley's claim for $6,989.64, but there is another claim against the estate from appellee—properly documented for the costs and time she spent in the amount $2,049.48. The trial court has not yet signed an order regarding appellee's claim or any others that might be outstanding against the estate.



did not have jurisdiction to order appellant to pay the fees out of her own funds. We reverse and remand.

## I. *Facts and Procedural History*

This case arises from the death of Mr. Swonia on July 8, 2014. Appellee Marquita Harris had known Mr. Swonia for most of her life—he was the longtime companion of her grandmother. She considered him family and referred to him as "Grandfather," but there was conflicting testimony as to whether she and Mr. Swonia were on good terms at the time of his death. In 2011, Mr. Swonia apparently gave appellee a will dated May 10, 2011, and told her to keep it. Mr. Swonia also gave appellee instructions as to where the keys to his Cadillac Escalade were and instructions as to insurance and other things she would need to know upon his death. Appellant, a relative, was named as a beneficiary of the will, which made her an interested party who had the authority to open a probate estate pursuant to Arkansas Code Annotated section 28-40-107 (Repl. 2012).

Shortly after Mr. Swonia died, conflict arose between appellee and appellant over Mr. Swonia's belongings and estate. In early September 2014, appellee contacted Ms. Finley by telephone regarding Mr. Swonia's estate. Ms. Finley explained appellee's options, but nothing was decided at that time. Later, appellee updated Ms. Finley on the conflict with appellant, after which Ms. Finley checked with the Pulaski County Circuit Clerk and found that no probate estate had been opened.

On September 15, 2014, appellee, with the assistance of Ms. Finley, filed a petition for the probate of Mr. Swonia's will and appointment of executrix, and she was subsequently

appointed on September 19, 2014. Shortly after that, Ms. Finley received a telephone call asking whether she was a probate lawyer. The caller then proceeded to ask a legal question and in the process told Ms. Finley her name—it was appellant; whereupon, Ms. Finley immediately stopped the conversation and informed appellant that she could not discuss the matter with her because she represented appellee and would consider such a conversation a breach of ethics. On October 19, 2014, a notice of probate of will and filing of claim was first published, with a corresponding proof of publication filed with the trial court on December 29, 2014.

In the meantime, on October 29, 2014, appellant, through attorney Wayne Ball, filed a contest of the will and petitioned for the probate of a new will, the removal of the executrix, and a request to be appointed executrix in this matter. The estate contained no cash and had only real and personal property to be distributed, the majority of which was Mr. Swonia's house and a 2010 paid-in-full Cadillac Escalade.[2] Appellee filed a response on November 3, 2014, and on the same day, Mr. Ball filed lengthy interrogatories and requests for admissions, which were timely answered. In contrast, on or about December 29, 2014, appellee propounded discovery requests to appellant, but she failed to respond.

---

[2]Appellant and her relatives claimed that they had instructions to recover the Escalade in the event Mr. Swonia died, which they did after flying one way to Arkansas to deal with his belongings. They drove it back to Texas, and transferred ownership based on some alleged letters testamentary in the June 7, 2012 will to appellant. Mr. Swonia's house remained in the estate and was believed to be worth between $40,000 and $45,000.

On or about the first week in December 2014, Mr. Ball called Ms. Finley and asked if the matter could be set for hearing, but Ms. Finley asked if they could wait until January 27, 2015, to discuss setting a hearing or settling the matter because of personal health reasons. On January 8, 2015, Matthew Henry entered his appearance in the matter on behalf of appellant. On February 2, 2015, Ms. Finley filed a motion to dismiss the will contest for lack of prosecution and for lack of a rational basis in law.

While serving as executrix of the estate, appellee received an offer to buy Mr. Swonia's house, and despite the fact that there was a pending will contest, she filed with the trial court three petitions for authority to sell Mr. Swonia's house and deposit the money in a blocked account pending the settlement of the will contest either by court order or agreement. On March 3, 2015, the trial court held a hearing on the contest of the will and appellee's petition to sell real estate. Appellee was present with her attorney; however, appellant did not appear. The trial court heard testimony from appellee concerning the proposed sale but decided to continue the hearing to another day when appellant could be present. There is no order in the record related to this hearing.

On June 17, 2015, the trial court held a hearing on all the pending issues—the contest of will and petition for probate of will, removal of the executrix, appointment of new executrix, executrix's petition for authority to sell real estate and the objection thereto, appellee's motion to dismiss for lack of prosecution and appellant's response thereto, and appellee's motion to strike the reply brief and appellant's answer thereto. It is clear from the

abstract of the hearing that this was a confusing situation, and the trial court was unclear about what was being dealt with and what procedures were being followed by the parties.

Following the hearing, the trial court ruled in favor of the June 7, 2012 last will presented by appellant as the governing document, removed appellee as executrix, and appointed appellant to serve in her place, with Mr. Henry to proceed as attorney for the estate. The trial court also advised that, because appellee and her attorney, Ms. Finley, had expenditures related to the estate, they should file claims against the estate for those expenditures and that they would be entitled to reimbursement for those expenditures. The trial court further advised that if appellant as the successor executrix wanted to contest those claims the trial court would have a hearing and that there was to be no language in the order regarding the trial court's comments about entitlement of claims.

On June 20, 2015, Ms. Finley filed a document entitled "Claim Against Estate." Included in this filing was an invoice from Ms. Finley that did not detail the time spent on the listed items, showed an increasing fee rate from $200 to $250, did not reflect a total balance of attorney's fees for the work listed, and did not include a corresponding affidavit. On July 1, 2015, appellant filed an objection to the claim filed against the estate by Ms. Finley. On July 2, 2015, Ms. Finley filed an affidavit to claim against the estate requesting reimbursement for attorney's fees accrued. Within the CourtConnect Pulaski County online filing system, the note related to the July 1, 2015 filing states "Claim amends claim filed 6-20-15," but the filed document is neither titled "Amended" nor is it reflected that it is an amendment or supplement within the document itself. Neither Ms. Finley's claims nor

her affidavit indicated any contract or agreement with appellee regarding legal representation or terms thereof.

On July 7, 2015, the trial court, without holding a hearing and before time had run for appellant to file a disallowance of claim, entered the order requiring the newly appointed executrix, appellant, to pay an attorney's fee to Ms. Finley in the amount of $6,989.64. On August 6, 2015, appellant filed a timely notice of appeal.

## II. *Standard of Review*

The Arkansas Supreme Court has said that cases that would have been heard in the former chancery and probate courts before amendment 80's passage are now reviewed de novo on questions of law and of fact. *Hollandsworth v. Knyzewski*, 353 Ark. 470, 109 S.W.3d 653 (2003). Furthermore, this court will not disturb the trial court's decision absent an abuse of discretion or a finding that the decision is clearly erroneous. *Helena Reg'l Med. Ctr. v. Wilson*, 362 Ark. 117, 207 S.W.3d 541 (2005).

## III. *Discussion*

Appellant raises multiple points in her brief: (1) that Ms. Finley's claim was improperly filed and not authorized by law; (2) that Ms. Finley's affidavit was not pursuant to any contract with the former executrix; (3) that Ms. Finley's actions on behalf of the estate were in bad faith and were against the wishes of the testator; and (4) that the trial court did not have jurisdiction to order appellant to pay the fees out of her own funds. Because we are reversing and remanding for a hearing, not all the issues will be addressed.



Arkansas Code Annotated section 28-50-101(a)(1) (Repl. 2012) states as follows:

> Except as provided in §§ 28-50-102 and 28-50-110, all claims against a decedent's estate, other than expenses of administration and claims of the United States which, under valid laws of the United States, are not barrable by a statute of nonclaim, but including claims of a state or territory of the United States and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred as against the estate, the personal representative, or the heirs and devisees of the decedent, unless verified to the personal representative or filed with the court within six (6) months after the date of the first publication of notice to creditors.

Arkansas Code Annotated section 28-50-105(a)(3) states that

> [a] claim which has been disapproved or not acted upon by the personal representative shall be set by rule or order of the court for a hearing on a day certain, and notice of the hearing shall be given by the clerk to the personal representative, to the claimant, and to other persons, if any, as the court may direct.

Ms. Finley originally filed a document on June 20, 2015, which was purported to be a claim against the estate. Appellant, as the newly appointed executrix, objected to this claim on July 1, 2015. Ms. Finley's subsequent filing appears to be an amendment to the June 20, 2015 claim that was objected to by appellant. Prior to the expiration of time for appellant to file a disallowance of claim related to the *amended* claim, and without a hearing, the trial court's order to pay was entered on July 7, 2015. Appellant maintains, and we agree, that pursuant to section 28-50-105(a)(3) and the express ruling by the trial court at the hearing, a hearing should have been set on this claim because it had been objected to by the lawfully appointed executrix. The order to pay violates section 28-50-105(a)(3) by ordering the payment of the attorney's fee listed in Ms. Finley's claim without the due process of a hearing. Accordingly, we reverse and remand for further proceedings consistent with this opinion.



Reversed and remanded.

VAUGHT and HIXSON, JJ., agree.

*The Henry Firm P.A.*, by: *Matthew Henry*, for appellant.

*Frances Morris Finley*, for appellee.