May MORGAN *v.* SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY

CA 04-95                                                    200 S.W.3d 469

Court of Appeals of Arkansas
Substituted Opinion on Grant of Rehearing
December 15, 2004*

* Original opinion delivered October 6, 2004. STROUD, C.J., and HART, J., would deny rehearing.

*Phil Stratton*, for appellant.

*Andy Lee Turner*, for appellee.

S AM BIRD, Judge. In a previous opinion, *May Morgan v. Farm Bureau Mutual Ins. Co. of Arkansas*, 88 Ark. App. 52 (2004), we considered Morgan's appeal from the Faulkner County Circuit Court, which had granted summary judgment in favor of the appellee. We reversed the trial court, concluding that summary judgment was inappropriate because there was a fact issue remaining as to whether the appellant, May Morgan, had a criminal record. Appellee has now filed a petition for rehearing, in which it makes an argument that our original decision was erroneous. After carefully reconsidering the issues, we find that appellee's argument is persuasive. Therefore, we grant the petition for rehearing and issue this substituted opinion affirming the trial court's grant of summary judgment.

As a preliminary matter, although appellant's notice of appeal and the record filed with the clerk of this court show that

the appellee is Farm Bureau Mutual Insurance Company of Arkansas (Farm Bureau Mutual), it is obvious from the parties' pleadings and the court's orders filed in the case, and it appears to be agreed by the parties, that the intended appellee is Southern Farm Bureau Casualty Insurance Company (Southern Farm Bureau), a fact also recognized in this court's previous opinion. To briefly explain, this action was originally commenced by May Morgan to recover benefits under an automobile insurance policy alleged to have been issued to her by Farm Bureau Mutual. When Farm Bureau Mutual answered, alleging that it did not issue the subject policy, but that it was issued, instead, by Southern Farm Bureau, Morgan amended her complaint to make Southern Farm Bureau the defendant and, simultaneously, moved to dismiss her complaint against Farm Bureau Mutual. Thereafter, Southern Farm Bureau filed its motion for summary judgment, and the court eventually entered its order granting summary judgment in favor of Southern Farm Bureau. Morgan appeals from that order. Therefore, in this substituted opinion, we take this opportunity to correct the style of the case to be "*May Morgan v. Southern Farm Bureau Cas. Ins. Co.*" and to delete the name Farm Bureau Mutual Insurance Company of Arkansas as a party to this appeal. In this opinion, reference will be made to Southern Farm Bureau as the sole appellee, regardless of what name formerly identified the appellee.

■ In *Cox v. Keahey*, 84 Ark. App. 121, 128, 133 S.W.3d 140, 143 (2003), we recounted the well-settled standard of review for summary-judgment cases:

> The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. [*Alberson v. Automobile Club Interins. Exch.*, 71 Ark. App. 162, 27 S.W.3d 447 (2000)]. All proof submitted with a motion for summary judgment must be viewed in the light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *McWilliams v. Schmidt*, 76 Ark. App. 173, 61 S.W.3d 898 (2001). Summary judgment is not appropriate where evidence, although in no material dispute as to actuality, reveals aspects

from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Lee v. Hot Springs Village Golf Schs.*, 58 Ark. App. 293, 951 S.W.2d 315 (1997).

The facts giving rise to this appeal are that on September 25, 2002, May Morgan made application to Southern Farm Bureau for a policy of automobile insurance, insuring an automobile owned by her.[1] The application contained questions asking whether the applicant or any member of her household had ever been arrested or convicted of a felony. Morgan answered both of those questions "No." Several months later, when Morgan made a claim for damages to the automobile resulting from a single-car collision, Southern Farm Bureau notified her that, because of her "misrepresentation of a material fact," the policy for which she applied would not be issued. Southern Farm Bureau also tendered to Morgan a check for the premium she had paid with her application. Morgan filed suit alleging a cause of action under the policy for damages to her car and a cause of action for damages on account of Southern Farm Bureau's bad faith in refusing to issue the insurance policy.

Southern Farm Bureau answered the complaint, alleging that Morgan had made material misrepresentations in her application for the insurance policy. Thereafter, Southern Farm Bureau filed its motion for summary judgment to which it attached, as exhibits, the depositions of May and Tommy Morgan and the affidavit of its underwriter.

The Morgans' depositions established that May knew that Tommy had an extensive criminal record, including a number of arrests, and at least one felony conviction for which he served a term in prison. In her deposition, Morgan admitted that she knew about Tommy's record when she completed the insurance application, but she stated that she "wasn't thinking about it." Tommy

---

[1] Simultaneously with May Morgan's application for the automobile insurance policy with Southern Farm Bureau, an application to Farm Bureau Mutual was being completed by her husband, Tommy Morgan, for a homeowner's insurance policy on their home. However, this appeal relates only to the automobile policy.

Morgan was more succinct in his deposition, stating that his felony record was "none of their business," and that it was "something we don't go around telling" because it presented problems that he eliminated by "just keep[ing] it to myself." The underwriter's affidavit stated that questions posed to applicants for insurance policies seek information that Southern Farm Bureau considers highly significant to the risk, that Southern Farm Bureau relies upon the answers given by the applicants in evaluating whether to accept the risk, and that Southern Farm Bureau would not have issued the policy "had the truth of the criminal records of Tommy and May Morgan been revealed."

Morgan's response to the motion alleged that because the underwriter was not a disinterested witness, his affidavit could be considered disputed, and that the materiality of the alleged misrepresentation was a genuine issue of material fact.

The trial court granted Southern Farm Bureau's motion for summary judgment, finding that Morgan intentionally and falsely misrepresented that she and her husband, Tommy Morgan, had never been arrested and that her husband had never been convicted of a felony, whereas their depositions revealed that both had been previously arrested and that Tommy Morgan had "an extensive criminal record which included several felony convictions." The court relied on *Ferrell v. Columbia Mut. Casualty Ins. Co.*, 306 Ark. 533, 816 S.W.2d 593 (1991) (an applicant's misrepresentations about an authorized driver's record of moving traffic violations were material to the issuance of an automobile insurance policy) as authority for the proposition that misrepresentations about one's arrest or criminal records are material to the risk.

Morgan appeals the trial court's grant of summary judgment, raising two points: (1) the trial court erred in accepting the affidavit of appellee's employee as uncontroverted; and (2) the trial court erred in finding a material misrepresentation of fact in the absence of proof of materiality.

Morgan is clearly wrong on her first point for reversal, that the trial court erred in accepting the agent's affidavit

as uncontroverted. It is well settled that uncontroverted affidavits filed in support of a motion for summary judgment are accepted as true for purposes of the motion. *Alexander v. Flake*, 322 Ark. 239, 910 S.W.2d 190 (1995); *Inge v. Walker*, 70 Ark. App. 114, 15 S.W.3d 348 (2000). Morgan cites two cases, *Motors Ins. Corp. v. Tinkle*, 253 Ark. 620, 488 S.W.2d 23 (1972) and *Old Republic Ins. Co. v. Alexander*, 245 Ark. 1029, 436 S.W.2d 829 (1969), for the proposition that the testimony of an interested witness is never considered to be uncontroverted. Those cases are distinguishable, however, because there the supreme court was considering the weight to be given to the testimony of an interested witness *at trial* and not in the context of an affidavit in support of a motion for summary judgment.

■ We also disagree with Morgan on her second point, that the trial court erred in finding a material misrepresentation of fact in the absence of proof of materiality. As already noted, the underwriter's affidavit established that, in assessing the risk and deciding whether to issue a policy, Southern Farm Bureau relied upon the information provided by applicants in their responses to questions about their arrest and criminal records. Except for her unsupported assertion that there exists a genuine issue as to a material fact, Morgan presented to the trial court neither a contradictory affidavit nor authority for her argument that such misrepresentations are not material.

■ Morgan cites *Brooks v. Town & Country Mut. Ins. Co.*, 294 Ark. 173, 741 S.W.2d 264 (1987), in arguing that the materiality of a misrepresentation is a question of fact. However, Morgan's reliance on *Brooks* is misplaced. In *Brooks*, the supreme court held that the trial court, sitting as fact-finder, had erred in finding, in the absence of any evidence, that a material misrepresentation of fact had occurred when Mrs. Brooks failed to reveal in her homeowner policy application that she had experienced a previous fire loss. Unlike the case now before us, *Brooks* involved an appeal from a verdict after trial and was not an appeal from a grant of summary judgment. But more importantly, in the case at bar, which is a summary-judgment case, there was proof before the

court in the form of the underwriter's affidavit that the false information that Morgan provided was significant to Southern Farm Bureau in its assessment of the risk to be assumed, and material to its decision of whether to issue the policy.

■ Finding no merit in either of appellant's points on appeal, we hold that the trial court's grant of summary judgment was appropriate.

Affirmed.

VAUGHT, CRABTREE, and ROAF, JJ., agree.

STROUD, C.J., and HART, J., would deny the petition for rehearing.