

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-679

| | |
|---|---|
| | **Opinion Delivered** September 16, 2015 |
| GARY CROSS ET AL. | |
| APPELLANTS | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. CV-04-229-2] |
| V. | |
| | HONORABLE JOHN LINEBERGER, JUDGE |
| WESTERN WASTE INDUSTRIES ET AL. | |
| APPELLEES | AFFIRMED |

### M. MICHAEL KINARD, Judge

The appellants allege that the appellees introduced contaminants into a local watershed and damaged their property. Appellants sued appellees in Miller County Circuit Court for nuisance, trespass, and negligence. The trial court ultimately granted summary judgment in favor of the appellees on all claims and dismissed the case with prejudice. The appellants appeal arguing that the trial court erred in granting summary judgment on each of these claims. Finding no error, we affirm.

I. *Summary*

The appellants own several hundred acres of land near Texarkana. Their property lies on Days Creek, which flows into the Sulphur River Wildlife Management Area. The appellees are Western Waste Industries (Western Waste); Denise Philyaw, an employee and agent of Western Waste; and Beazer East, Inc. (Beazer East). Both Western Waste and Beazer

East are located upstream from the appellants' property and the Sulphur River Wildlife Management Area.

Western Waste owned and operated a Class 1 sanitary waste landfill from 1976 to 1993. As a Class 1 sanitary landfill, this facility was to be utilized solely as a solid-waste-disposal site for non-hazardous and non-toxic substances and materials. However, the appellants presented evidence that Denise Philyaw approved the acceptance of hazardous and toxic substances into the landfill during the course and scope of her employment.

Beazer East owned and operated a wood treatment facility from 1931 to 1961. This facility was located several miles upstream of the Western Waste landfill. In approximately 1980, the Environmental Protection Agency placed the facility on its "Superfund" national priorities list because of the facility's introduction of contaminants into the soil and groundwater in and around the facility.

In 1990, the U.S. Fish and Wildlife Service instituted a study of the Sulphur River Management Area. The Sulphur River Management Area is downstream from Days Creek and the appellants' property. The study began in response to local citizens' concerns that contaminants from four industrial facilities, including Beazer East and Western Waste, were adversely affecting fish and wildlife in the area. The U.S. Fish and Wildlife Service collected samples of water, sediment, and fish upstream, downstream, and on the appellants' property. That study concluded with a 1993 report that uncovered toxins in the area.

The appellants filed the present lawsuit in 2004 alleging that they had been harmed by the appellees' introduction of contaminants into Days Creek. They sought damages for

nuisance, trespass, negligence, and gross negligence. The appellees filed motions for summary judgment arguing that the appellants failed to present evidence of either causation or damages for each of their claims. Attached to the appellees' motions for summary judgment were expert-witness affidavits to support appellees' position that they did not cause any damage to the appellants' property.

The trial court held a hearing on the appellees' motions for summary judgment. At its conclusion, the trial court granted the motions for summary judgment, finding that the appellants had not presented evidence of causation or damages, and dismissed the case in its entirety. This appeal followed.

## II. *Standard of Review*

On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material question of fact unanswered. *New Maumelle Harbor v. Rochelle*, 338 Ark. 43, 991 S.W.2d 552 (1999). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* Once the moving party has established prima facie entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* The court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Meadors v. Still*, 344 Ark. 307, 40 S.W.3d 294 (2001). A court may grant summary judgment only when it is clear that there are no genuine issues of material fact to be litigated and that the moving



party is entitled to judgment as a matter of law. *Mitchell v. Lincoln*, 366 Ark. 592, 237 S.W.3d 455 (2006).

### III. *Nuisance*

We begin our review by considering whether the trial court erred in dismissing the appellants' nuisance claim. Nuisance is defined as conduct by one landowner that unreasonably interferes with the use and enjoyment of the lands of another and includes conduct on property that disturbs the peaceful, quiet, and undisturbed use and enjoyment of nearby property. *Goforth v. Smith*, 338 Ark. 65, 991 S.W.2d 579 (1999). The concept of nuisance encompasses a number of harms, including odors, noise, dangerous activity, and contamination of surface water and groundwater, as well as other pollution and contamination. *Southeast Arkansas Landfill, Inc. v. State*, 313 Ark. 669, 858 S.W.2d 665 (1993). The general rule is that, in order to constitute a nuisance, there must be an intrusion that results in physical harm, as distinguished from unfounded fear of harm, which must be proven to be certain, substantial, and beyond speculation and conjecture. *Goforth, supra.*

Here, the appellants alleged that the appellees created a nuisance by allowing contaminants to migrate onto appellants' property and that those contaminants damaged the watershed and interfered with their use and enjoyment of their property. In motions for summary judgment, the appellees opposed that claim. Attached to appellees' motions were affidavits supporting their contentions that they were not the cause of any alleged damage to the appellants' property. The appellees' expert-witness affidavits demonstrated that none of the samples taken from the appellants' property in conjunction with the 1993 report showed

signs of contamination. Additionally, their expert testimony provided that there were other potential sources of contamination in the watershed and that the impact of any historic releases diminished to a negligible level far upstream from the appellants' property.

The U.S. Fish and Wildlife Service report serves as the appellants' primary evidence of their claims. Yet, the report did not identify the sources of contaminants. Additionally, several of the appellants testified in an attempt to offer proof of the alleged nuisance. Appellant Gary Cross testified that four of the samples taken in the U.S. Fish and Wildlife Service study were from their property, and several appellants testified about sights and smells that they experienced on their property that they attributed to contamination introduced by the appellees.

We must accept the appellants' evidence as true. However, this evidence does not demonstrate the existence of a material fact sufficient to overcome the appellees' motion for summary judgment on the nuisance claim.

In responding to a motion for summary judgment, one must meet proof with proof. *Gentry v. Robinson*, 2009 Ark. 634, 361 S.W.3d 788. It is well settled that uncontroverted affidavits filed in support of a motion for summary judgment are accepted as true for the purposes of the motion. *Morgan v. Southern Farm Bureau Casualty Insurance Co.*, 88 Ark. App. 52, 200 S.W.3d 469 (2004).

The appellees presented evidence that they did not contaminate the appellants' land, and the appellants supplied no proof to controvert that. The U.S. Fish and Wildlife Services report only demonstrated that there was contamination in the watershed; it did not reach a

conclusion regarding whether there was any contamination on the appellants' property or the source or sources of the contamination. The testimony of Gary Cross merely established that the appellants' land was tested during the study. His testimony did not demonstrate that contamination was found at those testing sites. Finally, the testimony of the appellants regarding sights and smells that they experienced on their property did not identify the source or sources of those sights and smells. Accordingly, the appellants failed to demonstrate the existence of a material fact regarding causation.

Lacking evidence of causation, the appellants' nuisance claim necessarily fails. We conclude that the trial court properly dismissed the claim on summary judgment, and we need not consider whether the appellants presented evidence of damages on this claim.

## IV. *Trespass*

Next, we turn our attention to the appellants' trespass claim. Arkansas's law of trespass requires a physical invasion of a plaintiff's real property that is caused by a defendant and results in damages. *Jewel Coal & Mining Co. v. Watson*, 176 Ark. 108, 2 S.W.2d 58 (1928). The affidavits attached to the appellees' motions for summary judgment support their assertion that they did not cause an entry onto the appellants' property. Appellant Gary Cross identified several of the U.S. Fish and Wildlife Services testing sites as being on their property. However, an expert for the appellees analyzed the report and found no contamination on any of the sites identified by Cross.

The appellees' affidavits are uncontroverted, and uncontroverted affidavits filed in support of a motion for summary judgment are accepted as true for purposes of the motion.

*Morgan, supra.* There is no evidence that the appellees physically invaded the property of the appellants. This deficiency is fatal, and we need not consider the damages arguments on this issue. Accordingly, we conclude that the trial court did not err in granting summary judgment on the trespass claim.

## V. *Negligence*

Finally, we consider whether the trial court properly disposed of the appellants' negligence claim. The essential elements of a negligence or gross negligence claim are (1) the existence of a duty on the part of the defendant to conform to a specific standard of conduct to protect the plaintiff; (2) breach of that duty by the defendant; (3) injury to the plaintiff actually and proximately caused by the defendant's breach; and (4) resulting damages to the plaintiff or his property. *Chambers v. Stern*, 347 Ark. 395, 64 S.W.3d 737 (2002).

As before, we will begin our analysis by considering the evidence of causation before the trial court. The appellees' expert affidavits provide that there was no evidence of contamination on the appellants' property, none of the samples from the 1993 study that Gary Cross identified as being from their property showed toxicity, and any potential contamination could have been from other sources. As previously discussed, the appellants do not controvert these affidavits. Their evidence does not establish contamination on their land or the source of any potential contamination. Without this evidence, the appellants' negligence and gross negligence claims necessarily fail because causation cannot be established, and we hold that the trial court properly granted summary judgment on the appellants' negligence claim.

SLIP OPINION

Affirmed.

HARRISON and GLOVER, JJ. agree.

*Mercer Carter Tidwell, L.L.P.*, by: *W. David Carter*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, PLLC*, by: *Sherry P. Bartley*, for appellees Western Waste Industries, Western Waste Industries of Texas, Inc., Waste Management, Inc. f/k/a USA Waste Services, Inc., and Denise Philyaw.

*Quattlebaum Grooms & Tull PLLC*, by: *Steven W. Quattlebaum*, *E. B. Chiles IV*, *R. Ryan Younger*, and *Madeline Kurrus Moore*, for appellee Beazer East, Inc.